Michael Allen BOWEN, Petitioner–Appellant,

v.

Ernest ROE, Warden; California State Attorney General, Respondents–Appellees.

No. 98–56308.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 4, 1999.[1]

Filed Aug. 30, 1999.

Michael Allen Bowen, Lancaster, California, in pro per, for petitioner-appellant.

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

Steven T. Oetting, Deputy Attorney General, San Diego, California, for respondents-appellees.

Before: HALL and T.G. NELSON, Circuit Judges, and WARE,[2] District Judge.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Michael Allen Bowen appeals from the district court's order dismissing as untimely under 28 U.S.C. § 2244(d)(1)(A) his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253(a), and we reverse and remand.

## FACTUAL BACKGROUND

Michael Allen Bowen ("Bowen") was convicted in California state court of possession of heroin in state prison and possession of drug paraphernalia-a syringe-in state prison. Because Bowen had two prior burglary convictions that were characterized as "strikes" under California Penal Code section 667(b)-(i), the state court sentenced him to two concurrent terms of twenty-five years to life in prison. Bowen appealed his conviction to the California Court of Appeal, claiming (1) he had not possessed a useable quantity of heroin, (2) the trial court failed to sua sponte give CALJIC No. 2.72, (3) the trial court should have exercised its discretion to strike the prior convictions, (4) the prior convictions did not qualify as "strikes," and (5) his sentence was cruel and unusual punishment. The appellate court affirmed Bowen's conviction. Bowen then filed a petition for review in the California Supreme Court, raising the same five issues he had raised in the state court of appeal. On January 22, 1997, the California Supreme

Court denied without prejudice Bowen's petition for review. Bowen did not file a petition for a writ of certiorari from the United States Supreme Court.

On February 10, 1998, approximately thirteen months after the California Supreme Court had denied Bowen's petition for review, Bowen filed a 28 U.S.C. § 2254 habeas petition in the District Court for the Central District of California. Bowen raised the same five issues in his federal habeas petition that he had raised on direct appeal in the state courts. On June 9, 1998, the district court dismissed Bowen's habeas petition as untimely under the one-year limitations period of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A) (Supp.1999), because Bowen had filed his petition more than one year after January 22, 1997, the date on which the California Supreme Court denied his petition for review.

On June 26, 1998, Bowen filed a petition for the issuance of a certificate of probable cause, claiming that his sentence was cruel and unusual punishment. Bowen, however, did not challenge the district court's dismissal of his habeas petition as untimely. The district court granted a certificate of appealability, but limited the issue on appeal to whether Bowen's habeas petition had been timely filed under 28 U.S.C. § 2244(d)(1)(A).

## DISCUSSION

The issue certified for appeal effectively asks: When a habeas petitioner has sought direct review of a judgment of conviction in the highest state court, but thereafter does not file a petition for a writ of certiorari from the United States Supreme Court, does the AEDPA's one-year limitations period begin to run on (1) the date the state court enters its judgment or (2) ninety days later, when the period within which the prisoner can petition for a writ of certiorari from the United States Supreme Court expires?[3] We hold that the

2. The Honorable James Ware, District Judge for the Northern District of California, sitting by designation.

3. On appeal, the government concedes the timeliness issue, and instead argues that Bowen's federal habeas petition should be dismissed because he failed to exhaust available

period of "direct review" in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. Therefore, when a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires.

The AEDPA provides for a one-year period of limitation on habeas petitions:

(d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a · State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .

28 U.S.C. § 2244(d)(1)(A) (Supp.1999).

Section 2244(d)(1)(A) includes within the definition of finality the period within which a petitioner can seek direct review of his conviction. *See id.* When a challenge to a state court conviction presents a federal question, the Supreme Court has held that "the process of direct review . . . includes the right to petition this Court for a writ of certiorari." *See Barefoot v. Estelle,* 463 U.S. 880, 887, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983); *cf. Bell v. Maryland,* 378 U.S. 226, 232, 84 S.Ct. 1814, 12 L.Ed.2d 822 (1964) ("In the present case the judgment is not yet final, for it is on direct review in this Court."). In his appeal, Bowen has alleged a violation of his Fourteenth Amendment right to be free from cruel and unusual punishment, a federal question.[4] The period within which Bowen could have sought direct review of his conviction therefore included the ninety-day period within which Bowen could

have filed a petition for a writ of certiorari from the United States Supreme Court. Consequently, the one-year limitations period in 28 U.S.C. § 2244(d)(1)(A) began to run on the date that ninety-day period expired.

The result we reach today is consistent with the decisions of both the Second and Third Circuits, *see Kapral v. United States,* 166 F.3d 565, 575 (3d Cir.1999) ("[A] state court criminal judgment is 'final' (for purposes of collateral attack) at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires."); *Ross v. Artuz,* 150 F.3d 97, 98 (2d Cir. 1998) ("Ross's conviction became final [under § 2244(d) ] when his time to seek direct review in the United States Supreme Court by writ of certiorari expired . . . ."), and a number of district courts that have addressed this same issue, *see Souch v. Harkins,* 21 F.Supp.2d 1083, 1084–85 (D.Ariz.1998); *Moore v. Hawley,* 7 F.Supp.2d 901, 903 (E.D.Mich.1998); *United States ex rel. Gonzalez v. DeTella,* 6 F.Supp.2d 780, 781–82 (N.D.Ill.1998); *Cox v. Angelone,* 997 F.Supp. 740, 744 (E.D.Va. 1998); *Alexander v. Keane,* 991 F.Supp. 329, 334 n. 2 (S.D.N.Y.1998); *Flowers v. Hanks,* 941 F.Supp. 765, 770 (N.D.Ind. 1996).

In addition, this result is consistent with decisions of the United States Supreme Court addressing the issue of the finality of state court convictions in the context of retroactive application of new rules of law. These cases hold that a conviction is not final until the ninety-day certiorari period has expired. *See Caspari v. Bohlen,* 510 U.S. 383, 390, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994) ("A state conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been

---

state court remedies before filing the petition. We leave for the district court to consider on remand whether Bowen satisfied the exhaustion requirement.

4. The Eighth Amendment applies to the states through the Fourteenth Amendment. *See Tuilaepa v. California,* 512 U.S. 967, 970, 114 S.Ct. 2630, 129 L.Ed.2d 750 (1994).

exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied."); *Griffith v. Kentucky,* 479 U.S. 314, 321 n. 6, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied."); *see also Medeiros v. Shimoda,* 889 F.2d 819, 825 n. 6 (9th Cir.1989).

Applying our holding to the facts of this case, we find that Bowen's habeas petition was timely. The California Supreme Court denied Bowen's petition for direct review on January 22, 1997. The time within which Bowen could have filed a petition for certiorari from the United States Supreme Court expired ninety days after that date, on April 22, 1997. *See* Sup.Ct. R. 13. Bowen therefore had until April 22, 1998, to file his habeas petition. Because Bowen filed his habeas petition on February 10, 1998, over two months before the one-year limitations period had run, Bowen's petition was timely.

Based on the foregoing, we reverse the district court's order dismissing Bowen's petition as untimely and remand this case to the district court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.