**Tyrone Fitzgerald THOMAS, Petitioner–Appellant,**

v.

**Robert L. WRIGHT, Respondent–Appellee.**

No. 98–35384.

D.C. No. CV–97–05513–RJB.

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 2001.*

Decided June 21, 2001.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

## MEMORANDUM [**]

Tyrone Fitzgerald Thomas, a Washington state prisoner, appeals from the district court's order dismissing his petition for a writ of habeas corpus challenging his 1992 conviction of first degree possession of stolen property. The district court found that the petition was filed untimely under 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). We have jurisdiction under 28 U.S.C. § 2253(c) and, after de novo review, we affirm.

Title 28, U.S. Code section 2244(d) provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application of a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review....

Thomas's state court conviction became final on May 8, 1996, ninety days after the Washington State Supreme Court affirmed his conviction. *See Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir.1999) (concluding that the AEDPA's one-year limitations period does not start to run until the time for petitioner to seek certiorari from the United States Supreme Court has run, even if a petitioner declines to take such

action). Accordingly, the one-year period of limitations for him to file a federal habeas petition expired on May 8, 1997. Thomas's petition, filed in the district court on August 12, 1999, was untimely by approximately two months.

Based on the record before us, Thomas has not demonstrated facts sufficient for us to view it as one of the "rare cases" where equitable tolling is appropriate. *Alvarez–Machain v. United States*, 107 F.3d 696, 701 (9th Cir.1996); *see also Calderon v. United States Dist. Court for Cent. Dist. of California (Kelly)*, 163 F.3d 530, 541 (9th Cir.1998) (en banc) (permitting equitable tolling only "if extraordinary circumstances beyond a prisoner's control make if impossible to file a petition on time") (internal citations omitted).

AFFIRMED.

[**] This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

