**Jacob Otis SEALS, Petitioner–Appellant,**

v.

**Linda CLARK, Warden; Attorney General of the State of California, Respondents–Appellees.**

No. 01–55292.

D.C. No. CV–99–02913–SVW.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2001.*

Decided Feb. 25, 2002.

Before B. FLETCHER, T.G. NELSON, and TALLMAN, Circuit Judges.

## MEMORANDUM **

Jacob Otis Seals, a California state prisoner, appeals pro se the district court's

---

1. Arnold's motion to supplement the record is denied.

\* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2). Accordingly, we deny Seals' request for oral argument.

\*\* This disposition is not appropriate for publication and may not be cited to or by the

dismissal of his 28 U.S.C. § 2254 petition as untimely under 28 U.S.C. § 2244(d). We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's dismissal of Seals' habeas petition, *see Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Seals contends that his § 2254 petition was timely filed because the Antiterrorism and Effective Death Penalty Act's (ADEPA) one-year limitation period was tolled during the pendency of several preceding state habeas petitions. This contention is unpersuasive. Even according Seals the benefit of tolling during the pendency of each of his state petitions filed within the one-year limitations period, his § 2254 petition was still untimely.

The AEDPA's limitation period began to run when Seals' state conviction became final on May 14, 1996. *See* 28 U.S.C. § 2244(d)(1)(A); *Bowen v. Roe*, 188 F.3d 1157, 1158–59 (9th Cir.1999). The AEDPA limitations period was tolled during the pendency of his properly filed applications for state post-conviction relief. 28 U.S.C. § 2244(d)(2); *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir.1999). Accordingly, the limitation period was tolled during the pendency of Seals' petitions, the first of which was filed on August 19, 1996,[1] and the last of which was denied on June 19, 1997. Between June 19, 1997 and the expiration of the AEDPA limitations period on December 16, 1997, Seals failed to file any habeas petitions with either the state or federal courts. Seals filed three more state petitions in the California Superior Court before filing his first § 2254 petition on March 5, 1999. The district

court therefore properly denied this federal petition as untimely.

AFFIRMED.

---

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. *See Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir.2000), *cert. denied*, 533 U.S. 941, 121 S.Ct. 2576, 150 L.Ed.2d 739 (2001) (holding that prison "mailbox rule" applies to state as well as federal habeas petitions).

