**William Gonzales LAJEZ, Petitioner–Appellant,**

v.

**Terry L. STEWART, Respondent–Appellee.**

**No. 01–16446.**

**D.C. No. CV–01–00068–WDB.**

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2002.*

Decided March 20, 2002.

Before FARRIS, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

William Gonzales Lajez appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition for habeas corpus as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's dismissal of Lajez's habeas petition, *see Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999), and we affirm.

Lajez's conviction became final on January 22, 1998, and absent any tolling of the Antiterrorism and Effective Death Penalty Act's ("AEDPA") one-year limitations period, his federal petition would have been

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

due on January 22, 1999. *See* 28 U.S.C. § 2244(d)(1)(A); *Bowen v. Roe,* 188 F.3d 1157, 1159 (9th Cir.1999).

The district court granted a certificate of appealability on the issue of whether the AEDPA statute of limitations should be tolled. As the question of statutory tolling was not addressed in district court, we remand for further development of the record.

REVERSED AND REMANDED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.