**Gerald SAGE, Petitioner–Appellant,**

v.

**Steve CAMBRA, Warden, Director of Corrections Respondent–Appellee.**

No. 02–55108.

D.C. No. CV–01–4672–HLH.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2003.*

Decided Oct. 10, 2003.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before FISHER and BYBEE, Circuit Judges, and MAHAN,** District Judge.

MEMORANDUM***

Gerald Sage appeals from the district court's dismissal of his second federal habeas corpus petition, which was time barred by AEDPA. Sage had of his own volition moved the court to dismiss his first federal petition, so that he could return to state court to exhaust the only ground for relief stated in the first petition.

On November 6, 1996, petitioner Sage pled guilty in Los Angeles County Superior Court to voluntary manslaughter with a knife in violation of California Penal Code § 192(a) and § 12022. The trial court found that Sage had two previous "strike" convictions for purposes of the application of the "three strikes" law and sentenced him to twenty-six years to life in state prison.

Sage appealed his conviction all the way to the state supreme court, which denied

his petition for review on April 14, 1999, thereby rendering his conviction final on July 13, 1999. Under AEDPA petitioner had one year, or until July 13, 2000, within which to file for a federal writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1)(A); *Bowen v. Roe,* 188 F.3d 1157, 1158–59 (9th Cir.1999).

Petitioner waited nine months to pursue any collateral review of his conviction and sentence. On April 10, 2000, he filed his first federal petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

The only issue raised by the first federal petition was a matter of state law: Whether the trial court improperly considered previous convictions as "strikes" for purposes of applying the "three strikes law." Sage believed from his plea bargain that the maximum sentence was to be 25 years to life; instead, as a result of the sentencing judge's actions, he was sentenced to 26 years to life.

Arguably, the federal district court did not have jurisdiction over a petition dealing only with state sentencing law. *See* 18 U.S.C. § 2254(a). However, of his own volition, Sage decided to dismiss that petition before the court ordered a return or other response. The district court granted petitioner's motion and dismissed the action without prejudice on May 31, 2000.

On May 24, 2001, after exhausting his habeas corpus remedy through state courts, Sage returned to federal court and filed the instant petition. Respondent moved to dismiss on July 26, 2001, because the one-year limitation of AEDPA had expired almost a year before. The district

** The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

court granted that motion as time barred on November 19, 2001.

Petitioner claims that his second federal petition should relate back to the earlier federal petition and that the district court erred in dismissing his first federal petition without informing him of the effect of AEDPA. Accordingly, either his second federal petition should relate back to the first federal petition, or the time should be tolled between the filing of the first and second federal petitions.

Petitioner Sage wants this court to impose on the district court the duty to explain to a petitioner who decides to dismiss his petition that AEDPA may prevent his refiling at a later date. The only authority that petitioner cites in support of this proposition is *Ford v. Hubbard,* 305 F.3d 875 (9th Cir.2002). We amended that case while this appeal was pending and will apply *Ford v. Hubbard,* 330 F.3d 1086 (9th Cir.2003) to this appeal.

In that case the petitioner filed petitions for habeas corpus in two cases involving separate convictions five days before the one-year time limit of AEDPA expired. He raised both federal and (unexhausted) state claims in each petition. Concurrently, he filed motions to stay the federal petitions while he returned to state court. The district court properly held that it did not have discretion to stay the mixed petitions. *Id.* at 1097.

However, the court erred when it dismissed the mixed petitions; instead, we held that the court should have dismissed the state claims and then granted petitioner's motion to stay the federal petitions. Petitioner could exhaust his state court claims and thereafter return to federal court and amend his stayed federal petition to add the now exhausted state claims.

*Ford* holds that when a district court is faced with a mixed petition, containing both exhausted and unexhausted claims, and a motion to stay the federal petition that the district court cannot deny the stay and dismiss the petition. Rather, the court must also explain to the petitioner that the application of AEDPA may as a practical matter prevent his refiling of the petition once he has returned to state court and exhausted those remedies.

The heart of *Ford* is found at 330 F.3d at 1102: "[T]he district court's failure fairly or fully to explain the consequences of the options it presented to Ford deprived him of the opportunity to make a meaningful choice...." (Emphasis added.) Here the district court presented no options to petitioner; rather the petitioner himself moved to dismiss his own petition prior to any action by the court or any return or response from the respondent.

In *Ford, id.* at 1100, the limitations period actually expired while the original federal petitions were pending; here, there was over a month left in the limitations period when the court dismissed Sage's first petition.

Here, Sage presented only a question of state law in his first federal petition, rather than a mixed petition as in *Ford.* Furthermore, Sage, unlike the petitioner in *Ford,* never requested the district court to stay his first federal petition in order to permit him to return to state court. Finally, he was already aware of AEDPA.

The petitioner demonstrated his familiarity with AEDPA by making his anticipatory motion to dismiss so that he could exhaust his state claims. He emphasized that familiarity in his motion to dismiss when he stated, "Petitioner should not be adversely affected by AEDPA."

Nothing would be gained by requiring the district court to advise petitioner of something he already knew: That AEDPA's strict time limits were already running and about to expire.

A ruling in Sage's favor would require district courts to determine the expiration date under AEDPA for each habeas corpus petition that is filed and to explain to any petitioner, who of his own volition chooses to dismiss his petition, that AEDPA may prevent his refiling at a later date. *Ford v. Hubbard, supra,* cannot be so broadly construed.

AFFIRMED