**Gregory Bernard MICKLUS, Petitioner–Appellant,**

v.

**Terry STEWART, Respondent–Appellee.**

No. 04–15067.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 18, 2004.

Gregory Bernard Micklus, Douglas, AZ, David Taylor Shannon, AFPD, Federal Public Defender's Office, Tucson, AZ, for Petitioner–Appellant.

Kerri L. Chamberlin, Office of the Arizona Attorney General, Ginger Jarvis, Esq., Office of the Legal Advocate, Phoenix, AZ, for Respondent–Appellee.

Before: SCHROEDER, Chief Judge, RAWLINSON and CALLAHAN, Circuit Judges.

MEMORANDUM **

Arizona state prisoner Gregory Bernard Micklus appeals the district court's dis-

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

missal of his 28 U.S.C. § 2254 habeas petition, challenging his conviction for arson of an occupied structure. The district court dismissed based on its finding that the petition was untimely under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA")'s one year statute of limitations.

Micklus contends that his federal habeas petition was timely filed within the AEDPA's one-year statute of limitations period because: after the Arizona Supreme Court denied review on direct appeal, the limitations period did not begin to run until the ninety-day period for filing a petition for certiorari with the United States Supreme Court had expired; before the ninety days passed, Miklus filed for state post-conviction relief and statutory tolling started; and Miklus filed his federal petition less than one year after state relief was denied and statutory tolling ended. Respondent concedes that the federal habeas petition was timely filed, and that the district court erred in dismissing the petition as untimely. Our examination of the record supports the parties' conclusion that the habeas petition was timely filed, and we vacate the district court's dismissal. *See* 28 U.S.C. § 2244(d)(2); *Bowen v. Roe,* 188 F.3d 1157, 1158–59 (9th Cir.1999). We remand to the district court for further proceedings.

**VACATED AND REMANDED.**