**EARL X, Petitioner—Appellant,**

v.

**Mitch MORROW, Respondent— Appellee.**

No. 02–36051.
D.C. No. CV–99–00939–BR.

United States Court of Appeals, Ninth Circuit.

Submission Deferred March 3, 2004
Resubmitted as of the Date of this

Order & Memorandum.*

Decided Aug. 30, 2004.

Christine Stebbins Dahl, FPDOR—Federal Public Defender's Office, Portland, OR, for Petitioner–Appellant.

Mary H. Williams, AAG, Rolf C. Moan, Hardy Myers, Jr., Esq., AGOR—Office of the Oregon Attorney General, Salem, OR, for Respondent–Appellee.

Before HUG, McKEOWN and FISHER, Circuit Judges.

## ORDER AND MEMORANDUM**

Oregon state prisoner Earl X ("petitioner") appeals the district court's denial, as untimely, of his motion to amend his 28 U.S.C. § 2254 habeas petition filed in 1999. Petitioner's initial petition, filed pro se, alleged various ineffective assistance of counsel claims. After counsel had been appointed and after the statute of limitations had passed, petitioner moved to amend his petition by adding a new claim alleging that the state had failed to disclose that petitioner had been serving as a government informant against the alleged victim of his crimes, thus violating *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The district court denied petitioner's motion, ruling that the *Brady* claim did not relate back to the date of the original petition within the meaning of Rule 15(c)(2) of the Federal Rules of Civil Procedure.

Under this court's recent decision in *Felix v. Mayle*, 379 F.3d 612 (9th Cir.2004), however, petitioner's *Brady* claim does relate back to the date of his original petition. In *Felix*, this court joined the Seventh Circuit in holding that under Rule 15(c)(2) "the proper 'conduct, transaction, or occurrence' in a habeas context is the trial and conviction under attack." *Id.* at 615; *see Ellzey v. United States*, 324 F.3d 521 (7th Cir.2003). Petitioner's new *Brady* claim therefore relates back to his initial petition under Rule 15(c)(2) because it arose out of the same trial and conviction as the claims set forth in his original pleading.

We accordingly reverse the district court on the Rule 15(c)(2) issue and do not reach (1) petitioner's arguments in the alternative, which rely on equitable tolling principles and the savings clause of 28 U.S.C. § 2244(d)(1)(D), and (2) respondent's contention that the Certificate of Appealability has not authorized petitioner to raise his equitable tolling and savings clause arguments. We remand to the district court for further proceedings with respect to petitioner's *Brady* claim, including, if necessary, the district court's consideration in the first instance of whether petitioner properly exhausted his *Brady* claim in the state courts and, if so, whether he can succeed on the merits of that claim.

---

\* We deferred submission of this case pending the Supreme Court's decision in *Pliler v. Ford*, —— U.S. ——, 124 S.Ct. 2441, 159 L.Ed.2d 338 (2004). The Supreme Court's decision in that case vacated and reversed our decision in *Ford v. Hubbard*, 330 F.3d 1086 (9th Cir. 2003), leaving our decision with no precedential effect. However, because we find that another recently issued opinion, *Felix v.*

*Mayle*, 379 F.3d 612 (9th Cir.2004), is dispositive of this appeal, we order the matter submitted on the briefs and without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*See Bowen v. Roe,* 188 F.3d 1157, 1159 n. 3 (9th Cir.1999).

REVERSED and REMANDED.