[No. S167100. Aug. 30, 2010.]

In re SAMUEL ZAMUDIO JIMENEZ on Habeas Corpus.

**COUNSEL**

Habeas Corpus Resource Center, Michael Laurence, Cristina Bordé, Sara Cohbra and Mónica Othón for Petitioner Samuel Zamudio Jimenez.

Law Office of John T. Philipsborn and John T. Philipsborn for the Government of Mexico as Amicus Curiae on behalf of Petitioner Samuel Zamudio Jimenez.

Daniel J. Broderick, Federal Defender, and Jennifer M. Corey, Assistant Federal Defender, for Federal Defenders for the Eastern and Central Districts of California as Amici Curiae on behalf of Petitioner Samuel Zamudio Jimenez.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Gerald A. Engler and Ronald S. Matthias, Assistant Attorneys General, Keith H. Borjon and Herbert S. Tetef, Deputy Attorneys General, for Respondent State of California.

**OPINION**

**KENNARD, J.**—This matter is a companion to *In re Morgan* (2010) 50 Cal.4th 932 [114 Cal.Rptr.3d 591, 237 P.3d 993] (*Morgan*).

After a conviction for capital murder and a sentence of death in 1998, petitioner invoked his statutory right to this court's appointment of habeas corpus counsel to challenge his conviction and death sentence. Because of a critical shortage of qualified attorneys willing to represent capital inmates in habeas corpus proceedings, petitioner had to wait eight and one-half years for counsel's appointment.[1]

In September 2008, like the petitioner in *Morgan, supra,* 50 Cal.4th 932, this petitioner filed a cursory one-claim habeas corpus petition, without any supporting exhibits. He asked us to defer a decision on the petition until his habeas corpus counsel had an adequate opportunity to investigate various factual and legal matters that might lead to additional claims, to be presented in an amended petition. As in *Morgan,* the Attorney General opposed the request, urging us to deny the current habeas corpus petition as meritless. For reasons set forth below, we grant petitioner's request.

---

[1] By contrast, the petitioner in *Morgan, supra,* 50 Cal.4th 932, still lacks appointed habeas corpus counsel 13 years after requesting one.

## I

A jury convicted Samuel Zamudio Jimenez of two counts of robbery (Pen. Code, § 211)[2] and two counts of murder (§ 187). It also found true two special circumstance allegations of multiple murder (§ 190.2, subd. (a)(3)) and two special circumstance allegations of robbery murder (*id.*, subd. (a)(17)). On October 5, 1998, the trial court imposed a sentence of death. His appeal to this court from the judgment of death was automatic. (§ 1239, subd. (b).)

In November 1998, petitioner requested that we appoint counsel to represent him on his automatic appeal and to file a habeas corpus petition on his behalf. In August 2002, we appointed counsel to represent petitioner on *appeal.* In June 2007, we appointed habeas corpus counsel—the Habeas Corpus Resource Center. (The reasons for the delay in appointing counsel are discussed in pt. II, *post.*)

In April 2008, we issued a unanimous opinion in the automatic appeal. We vacated one multiple-murder special circumstance but otherwise affirmed the convictions and the judgment of death. (*People v. Zamudio* (2008) 43 Cal.4th 327 [75 Cal.Rptr.3d 289, 181 P.3d 105], cert. den. *sub nom. Kelly v. California* (2008) 555 U.S. 1020 [172 L.Ed.2d 445, 129 S.Ct. 564].)[3]

In September 2008, the Habeas Corpus Resource Center on petitioner's behalf filed in this court a petition for writ of habeas corpus. The petition lacks any supporting exhibits, and it alleges a single claim: that petitioner "was deprived of his right to effective assistance of counsel by trial counsel's constitutionally deficient performance at the guilt phase of his trial." Specifically, the petition faults trial counsel for not objecting to multiple instances of alleged prosecutorial misconduct, all of which appear in the appellate record. The petition also alleges, without elaboration, that trial counsel "rendered constitutionally deficient representation in failing adequately to investigate, prepare, and present meritorious guilt and special circumstance defenses [and] to competently litigate motions relating to the exclusion and admission of evidence." Included in the prayer for relief is a request that this court "[d]efer informal briefing and stay further proceedings on this petition until June 28, 2010, or the filing of an Amended Petition for Writ of Habeas Corpus, whichever is earlier, so that petitioner may file reasonably available documentation in support of the petition as well as any additional claims that may become known to him during that time."

---

[2] Unless otherwise stated, all further statutory citations are to the Penal Code.

[3] Our opinion on appeal showed petitioner's name as "Samuel Zamudio," which we obtained from the information filed in the trial court. But according to the habeas corpus petition, petitioner's true name is Samuel Zamudio Jimenez.

In response, the Attorney General, as he did in *Morgan, supra,* 50 Cal.4th 932, filed a "People's Motion for Order to Show Cause." The Attorney General asked that we not defer a decision on the cursory habeas corpus petition, but that instead we deny it as meritless. As we did in *Morgan,* we issued an order construing the Attorney General's motion as an opposition to petitioner's request. We then asked both the Attorney General and petitioner to submit supplemental briefs on the issue, and we scheduled the matter for oral argument so the parties could express their views in open court. (See Cal. Rules of Court, rule 8.54(b)(2) ["On a party's request or its own motion, the court may place a motion on calendar for a hearing."].)

After this court had heard oral argument in the matter, but within 36 months of habeas corpus counsel's appointment, petitioner submitted an "Amended Petition for Writ of Habeas Corpus" raising additional claims. We marked this document as "received" pending the outcome of this proceeding.

## II

■ In California, an indigent prisoner who has been convicted of a capital crime and sentenced to death has a statutory right to this court's appointment of habeas corpus counsel to challenge the conviction and the sentence of death. (Gov. Code, § 68662.) But, as we noted in *Morgan,* because of the difficulty this court has experienced in recruiting qualified habeas corpus counsel, approximately 300 inmates on California's death row, including the petitioner in *Morgan,* are still without such counsel. (See *Morgan, supra,* 50 Cal.4th at p. 934.) Although petitioner here does have appointed habeas corpus counsel, the appointment did not occur until eight and one-half years after the judgment of death.

■ Under this court's rules, a habeas corpus petition challenging a judgment of death is presumed to be timely if filed within 36 months of counsel's appointment. (See Cal. Supreme Ct., Policies Regarding Cases Arising from Judgments of Death, policy 3, std. 1-1.1.) Implicit in this rule is the recognition that, in a capital case, investigating potential habeas corpus claims and preparing an adequate habeas corpus petition may take as long as three years. This is why: Before preparing the petition, counsel must consult with the petitioner and must review not only the trial record (here totaling more than 5,000 pages) but also the police reports and trial counsel's notes. In addition, habeas corpus counsel must investigate various factual and legal matters that may lead to potentially meritorious claims. These tasks become more challenging when, as occurred here, habeas corpus counsel is not appointed until eight and one-half years after the judgment of death. In that timespan, critical documents may have been destroyed and witnesses may no longer be available, or their memories may have faded.

Petitioner's habeas corpus counsel was appointed in June 2007. Thus, to satisfy the 36-month time period mentioned in the preceding paragraph, petitioner had until June 2010 to file a presumptively timely habeas corpus petition. Instead of waiting until that date to file a reasonably thorough petition raising all arguably meritorious claims, petitioner filed a cursory one-claim petition in September 2008, before completion of the habeas corpus investigation. As in *Morgan, supra,* 50 Cal.4th 932, counsel's apparent purpose in filing the petition was to preserve petitioner's right to seek habeas corpus relief in the federal courts.

■ Under federal law, remedies in state court must be exhausted (see 28 U.S.C. § 2254(b)(1)(A)) before a state prisoner can seek habeas corpus relief in the federal courts, which require that the habeas corpus petition be filed within *one year* from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" (28 U.S.C. § 2244(d)(1)(A)). A California state court judgment of death becomes "final" upon the United States Supreme Court's denial of a capital defendant's petition for writ of certiorari filed by the defendant after our affirmance of the judgment of death, or upon expiration of the time in which the defendant may seek certiorari in the federal high court. (*Bowen v. Roe* (9th Cir. 1999) 188 F.3d 1157, 1159–1160.) But the federal statute of limitations is tolled while there is pending in state court a "properly filed application for State post-conviction or other collateral review." (28 U.S.C. § 2244(d)(2).)[4]

To date, no published federal court decision has addressed the issue of whether state habeas corpus petitions such as those filed in this matter and in *Morgan, supra,* 50 Cal.4th 932, are adequate to toll the federal statute of limitations for claims not raised in the original petition but raised later in an amended petition. We express no view on this issue of tolling under federal law, observing only that a denial by this court of the current habeas corpus petition, a result advocated by the Attorney General, would immediately stop the tolling of the federal statute of limitations.

### III

As he did in *Morgan, supra,* 50 Cal.4th 932, the Attorney General argues that under "longstanding state precedent" we should not defer deciding cursory habeas corpus petitions filed for the purpose of tolling the federal statute of limitations. As in *Morgan,* we disagree.

---

[4] Title 28, United States Code section 2244(d)(2) provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Earlier, we noted that in California an indigent prisoner who is under a court judgment of death has a statutory right to appointed habeas corpus counsel. Here, petitioner invoked that right in 1998, five weeks or so after the judgment of death, but it was not until 2007 that we were able to recruit a qualified attorney willing to accept the appointment. Had the appointment occurred shortly after petitioner's request, presumably counsel could have filed, shortly after the filing of the briefs on appeal, a reasonably thorough habeas corpus petition. In the event of this court's denial of the petition, petitioner could then have pursued habeas corpus relief in the federal courts within the federal statute of limitations' one-year period.

But when, as here, habeas corpus counsel is not appointed until shortly before the capital inmate's appeal from that conviction becomes final, counsel faces a procedural dilemma. If counsel, after thoroughly investigating various factual and legal matters, files a state habeas corpus petition raising all potentially meritorious claims, more than a year will have elapsed after the finality of the appeal, and therefore the federal statute's one-year deadline will bar the filing of a habeas corpus petition in federal court. But if habeas corpus counsel seeks tolling of the federal statute of limitations by filing in this court a petition that, given the time constraints, is cursory, and upon this court's denial of that petition files a second petition raising additional claims, those claims are likely to be rejected as being procedurally barred, because we require that, whenever possible, all claims be presented in a single petition. (See *In re Clark* (1993) 5 Cal.4th 750, 780–781 [21 Cal.Rptr.2d 509, 855 P.2d 729] (*Clark*).) Or if, in an effort to toll the federal statute of limitations, habeas corpus counsel files in this court a habeas corpus petition that, given the time constraints, is prepared hastily and raises all conceivable issues but without providing sufficient evidentiary support, the petition is likely to be denied for lack of adequate documentation. (*People v. Duvall* (1995) 9 Cal.4th 464, 474 [37 Cal.Rptr.2d 259, 886 P.2d 1252] [petition should contain "reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations"].)

Here, in an attempt to toll the *federal* statute of limitations while also complying with the *state* procedural requirements, habeas corpus counsel, without the benefit of a reasonably thorough investigation of relevant factual and legal matters, filed a cursory one-claim petition. He asked us to defer a decision on that petition until he had a reasonable opportunity to complete his investigation and to file an amended petition raising additional claims. Because, under this court's rules, a *state* habeas corpus petition is presumed to be timely if filed within 36 months of his appointment (see Cal. Supreme Ct., Policies Regarding Cases Arising from Judgments of Death, policy 3, std. 1-1.1), counsel asked us to defer our decision until expiration of the

36-month period, by which time his investigation would be complete and an amended petition could be filed.

Since 2001, in circumstances similar to those here, habeas corpus counsel appointed for capital inmates have proceeded in the same manner as counsel here. In each instance, we have deferred consideration of the petition, allowing counsel to later file an amended petition within the 36-month period set forth in our court rules.

The Attorney General challenges this practice as being inconsistent with this court's pronouncement in *Clark* that we will not "routinely delay action on a filed petition to permit amendment and supplementation of the petition" (*Clark, supra,* 5 Cal.4th at p. 781), and that claims must generally be presented "in a single, timely petition for writ of habeas corpus" (*id.* at p. 797). We are not in the habit of routinely postponing consideration of a habeas corpus petition so a petitioner can file an amended petition raising additional claims. (*Clark, supra,* 5 Cal.4th at p. 781.) But the extraordinary circumstances presented here and in similar petitions justify an exception. As explained earlier, in California an indigent prisoner who is under a court judgment of death has a statutory right to the assistance of appointed habeas corpus counsel. Due to the critical shortage of qualified counsel willing to accept appointment as habeas corpus counsel in capital cases (see *Morgan, supra,* 50 Cal.4th at pp. 937–938), here it took us eight and one-half years to find a qualified attorney willing to accept the appointment. Had there been reasonably prompt compliance with petitioner's request for such appointment, counsel would have had the time to conduct a thorough investigation and to file a habeas corpus petition in this court raising all potentially meritorious claims within the federal law's deadline of one year from the finality of the judgment of death (see p. 956, *ante*), and, if that petition was denied, petitioner could have filed a timely habeas corpus petition in federal court.

A denial in this court of this and similar requests to defer consideration of capital inmates' habeas corpus petitions, a result advocated by the Attorney General, may make it even more difficult for us in the future to recruit qualified habeas corpus counsel for death row inmates, in light of the procedural dilemma faced by counsel. (See p. 957, *ante*.)

■ Nothing here alters *Clark*'s requirement that generally a habeas corpus petitioner must raise all claims in a single unamended petition. (See *Clark, supra,* 5 Cal.4th at pp. 781, 797.) We here hold only that a departure from that requirement is appropriate under the extraordinary circumstances presented.

## DISPOSITION

On June 28, 2010, while this matter was pending, petitioner submitted to this court a document entitled "Amended Habeas Corpus Petition." In light of that submission, we treat petitioner's request to postpone consideration of the previously filed cursory habeas corpus petition as a motion for leave to amend that petition with the newly submitted document, and we construe the Attorney General's motion in opposition as a motion to deny petitioner leave to amend the cursory habeas corpus petition and instead to treat the newly submitted document as a separate and subsequent habeas corpus petition. We grant petitioner's motion, we deny the Attorney General's motion in opposition, and we order the amended petition filed as of June 28, 2010.

George, C. J., Werdegar, J., Chin, J., and Moreno, J., concurred.

**CORRIGAN, J.**, Concurring and Dissenting.—I concur in the disposition of this case, but I dissent from the majority's holding approving "shell" habeas corpus petitions for the reasons set forth in my separate opinion in *In re Morgan* (2010) 50 Cal.4th 932 [114 Cal.Rptr.3d 591, 237 P.3d 993].

Baxter, J., concurred.