Opinion by Judge GOULD; Dissent by Judge TALLMAN.
OPINION
GOULD, Circuit Judge:
California state prisoner Kenny Warren Thompson appeals the district court’s denial of his 28 U.S.C. § 2254 habeas corpus petition because of its conclusion that the petition was time-barred. We have jurisdiction under 28 U.S.C. § 2253. We reverse and remand.
The Antiterrorism and Effective Death Penalty Act (“AEDPA”) sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). The limitations period runs from “the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.” Id. § 2244(d)(1)(A). The limitations period *1094 may be reset if a state court reopens direct review and a petitioner’s conviction becomes “again capable of modification through direct appeal to the state courts and to [the Supreme] Court on certiorari review.” Jimenez v. Quarterman, 555 U.S. 113, 120, 129 S.Ct. 681, 172 L.Ed.2d 475 (2009).
Here, Thompson’s conviction initially became “final” on July 11, 2006, ninety days after the California Supreme Court denied his petition for review on direct appeal “without prejudice to any relief to which defendant [Thompson] might be entitled after the United States Supreme Court determines in Cunningham v. California ... the effect of Blakely v. Washington [, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) ] and United States v. Booker [, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) ], on California law.” See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999) (holding that AEDPA’s one-year limitations period begins to run after ninety-day period for seeking writ of certiorari in Supreme Court expires). After the Supreme Court decided Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007), Thompson filed a motion in the California Court of Appeal to recall the remittitur and reinstate his appeal based on Cunningham. The court of appeal denied the motion, but on May 23, 2007, the California Supreme Court granted review of Thompson’s petition for review of the court of appeal’s denial order, and deferred further action in the matter pursuant to California Rule of Court 8.512(d)(2).
By granting review, the California Supreme Court reopened direct review and made Thompson’s conviction “again capable of modification through direct appeal.” [1] Jimenez, 555 U.S. at 120, 129 S.Ct. 681. Thompson’s conviction remained nonfinal “during the pendency of the reopened appeal” and became “final” for purposes of § 2244(d)(1)(A) on December 11, 2007, ninety days after the California Supreme Court dismissed review on the merits, in light of its decision in People v. Black, 41 Cal.4th 799, 62 Cal.Rptr.3d 569, 161 P.3d 1130 (2007).[2] See id. at 120 *1095 & n. 4, 129 S.Ct. 681; Bowen, 188 F.3d at 1160; see also Cal. R. Ct. 8.528(b) advisory committee’s comment (explaining that “after the [California Supreme Court] decides a ‘lead’ case” — here, People v. Black — “its current practice is to dismiss review in any pending companion case (Le., a ‘grant and hold’ matter under [current Rule 8.512(d) ]) that appears correctly decided in light of the lead case and presents no additional issue requiring resolution by the Supreme Court or the Court of Appeal”).[3] Thompson’s federal habeas corpus petition, filed on June 30, 2008, was timely. See 28 U.S.C. § 2244(d)(1).
We reverse and remand to the district court to consider Thompson’s habeas corpus petition on the merits.
REVERSED AND REMANDED,

. Having granted review, the California Supreme Court could have "affirm[ed], reverse^], or modified] the judgment of the Court of Appeal,” or "order[ed] another disposition,” as it did in this case. See Cal. R. Ct. 8.528(a). The dissent's position is based on a non-literal reading of the California Supreme Court order that explicitly stated that review was "granted” and that briefing and further action were deferred. In concluding that the grant and hold order presented only the "possibility” that direct review would be reopened, the dissent reads the order to mean, "We may grant review later, but for now we are just holding.” The dissent’s position in this case would not advance "AEDPA’s goal of promoting comity, finality, and federalism.” Jimenez, 555 U.S. at 121, 129 S.Ct. 681 (internal quotation marks omitted). Rather than give California courts the first opportunity to review Thompson’s Cunningham claim and "correct any constitutional violation in the first instance,” the dissent would require Thompson to have filed a federal habeas petition before the state proceedings had fully run their course. See id. (internal quotation marks omitted). This is not a reasonable reading of Jimenez and if the dissent’s interpretation were accepted, it would encourage federal habeas corpus litigation in cases that were not fully resolved in state court. After the California Supreme Court granted review and held Thompson's case, his conviction was "again capable of modification through direct appeal.” See id. at 120, 129 S.Ct. 681.

. In Black, the California Supreme Court held that "imposition of an upper term sentence did not violate [the] defendant’s right to a jury trial, because at least one aggravating circumstance was established by means that satisfy Sixth Amendment requirements and thus made him eligible for the upper term.” 62 Cal.Rptr.3d 569, 161 P.3d at 1133, 1138-40 (rejecting defendant’s argument based on "Cunningham and its antecedents”).

. The dissent argues that the California Supreme Court did not dismiss review “on the merits,” stressing the “one-sentence summary dismissal of 112 petitions for review,” including Thompson's. But on the same day that the California Supreme Court dismissed review in Thompson's and other cases, it transferred 75 cases to the California Court of Appeal for reconsideration in light of People v. Black and People v. Sandoval, 41 Cal.4th 825, 62 Cal.Rptr.3d 588, 161 P.3d 1146 (2007). See News Release, Judicial Council of California, Supreme Court Summary for the Week of September 10, 2007 (Sept. 12, 2007), http:// www.courts.ca.gov/3012.htm; see also, e.g., People v. Fluker, 67 Cal.Rptr.3d 175, 169 P.3d 99 (Cal.2007); People v. Diaz, 67 Cal.Rptr.3d 173, 169 P.3d 97 (Cal.2007); People v. Scott, 67 Cal.Rptr.3d 171, 169 P.3d 95 (Cal.2007). Given that after holding a batch of cases the California Supreme Court gave relief in some cases and not others, it is a reasonable inference that the California Supreme Court considered the merits of each petition held for Black and Sandoval, concluded that some cases were correctly decided in light of those decisions and that others should be reconsidered by the California Court of Appeal, decided on the merits that Thompson’s case fit in the former category, and dismissed review.
We take judicial notice of the California Supreme Court’s September 12, 2007 dispositions in light of Black and Sandoval because they directly relate to this appeal. See Trigueros v. Adams, 658 F.3d 983, 987 (9th Cir.2011); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir.1992).