NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 8 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESSE BOBADILLA,<br><br>    Petitioner-Appellant,<br><br>  v.<br><br>C. GIPSON, C.S.P.,<br><br>    Respondent-Appellee. | No.    14-56461<br><br>D.C. No.<br>2:13-cv-08456-CJC-JEM<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted July 7, 2016
Pasadena, California

Before:  VANASKIE,** MURGUIA, and WATFORD, Circuit Judges.

Jesse Bobadilla appeals from the district court's order dismissing his federal

habeas petition as untimely.  This Court granted Bobadilla's request for a

certificate of appealability on the following question: "whether the district court

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Thomas I. Vanaskie, United States Circuit Judge for the
U.S. Court of Appeals for the Third Circuit, sitting by designation.

properly determined that the petition was barred by the statute of limitations, including whether appellant is entitled to equitable tolling." ER 1. We have jurisdiction under 28 U.S.C. § 1291 and § 2253, and we affirm the judgment of the district court.

Bobadilla was convicted by a jury of murder and other crimes, and sentenced to 50 years to life in prison on April 4, 2008. The California Supreme Court denied Bobadilla's counseled petition for review on November 2, 2011. Counsel, however, did not inform Bobadilla of the California Supreme Court decision until more than a year later, on November 17, 2012, when counsel returned Bobadilla's records to him. In his letter of November 17, 2012, counsel advised Bobadilla that the deadline to file a federal habeas petition was January 31, 2013.

It is undisputed that the statute of limitations for Bobadilla to petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 expired on January 31, 2013, one year after the deadline for petitioning the Supreme Court of the United States for a writ of certiorari had expired. *See Bowen v. Roe,* 188 F.3d 1157, 1158-59 (9th Cir. 1999). It is also undisputed that Bobadilla did not file a habeas corpus petition in federal court until November 7, 2013. Bobadilla claims equitable tolling of the running of the limitations period by reason of his counsel's failure to inform him of the denial of his petition for review by the California Supreme Court until

2

November 17, 2012, some 54 weeks after the California Supreme Court issued its ruling.

To be entitled to equitable tolling of the one-year limitations period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a habeas petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). While we find that the inexcusable delay by counsel to inform Bobadilla of the California Supreme Court ruling constitutes an extraordinary circumstance, we conclude that Bobadilla did not act with the requisite diligence to warrant equitable tolling.

We note that the law of this Court concerning the diligence required of a federal habeas petitioner is somewhat in tension. As this Court observed in *Luna v. Kernan*, 784 F.3d 640 (9th Cir. 2015), we adopted a "stop clock" approach for equitable tolling claims in *Gibbs v. Legrand*, 767 F.3d 879 (9th Cir. 2014). Under a pure stop-clock approach, "[t]here is no need to show diligence after the extraordinary circumstances have ended." *Luna*, 784 F.3d at 651. However, in *Spitsyn v. Moore*, 345 F.3d 796 (9th Cir. 2003), we required a petitioner to show diligence through the time of filing, even after the extraordinary circumstance dissolved. And more recently, we observed that "[o]rdinarily, a petitioner must act

3

with reasonable diligence both before *and* after receiving delayed notice that the state denied his habeas petition." *Fue v. Biter*, ___ F.3d ___, 2016 WL 6803045, at *4 (9th Cir., Nov. 17, 2016) (en banc) (emphasis added; citation omitted). Thus, "under current circuit law, we must apply both the diligence-through-filing requirement imposed by *Spitsyn* and the stop-clock approach adopted in *Gibbs*." *Luna*, 784 F.3d at 651–52.

Here, we conclude that after learning of his counsel's omission, Bobadilla did not act with reasonable diligence through filing. Seventy-five days before AEDPA's limitations period was set to expire, Bobadilla's counsel informed Bobadilla of his omission and alerted Bobadilla that the deadline to file a federal habeas petition was January 31, 2013. Despite receiving this information, Bobadilla took no action prior to November 7, 2013.[1] When Bobadilla did eventually file his federal habeas petition, the petition amounted to word-for-word recitations of the "Argument" headings from the table of contents of his petition for review to the Supreme Court of California, which was in Bobadilla's possession since September 26, 2011. This delay of more than eleven months after

---

[1] On February 15, 2013, after the statute of limitations to seek federal habeas relief had expired, Bobadilla sent by mail to the Los Angeles Superior Court, a state habeas petition. Bobadilla filed another petition in state court on October 29, 2013, which was denied on November 21, 2013. These state court petitions, however, do not indicate that Bobadilla was pursuing his federal rights diligently. *See Holland*, 560 U.S. at 649.

4

receiving his case file and notice of his federal habeas deadline demonstrates that Bobadilla did not act with the requisite diligence through the time of filing his federal habeas petition. *See Doe v. Busby*, 661 F.3d 1001, 1012–13 (9th Cir. 2011) ("The purpose of requiring a habeas petitioner to show diligence is to verify that it was the extraordinary circumstance, as opposed to some act of the petitioner's own doing, which caused the failure to timely file."). Accordingly, we conclude that Bobadilla is not entitled to equitable tolling.

**AFFIRMED.**

*Bobadilla v. Gipson*, No. 14-56461

MURGUIA, Circuit Judge, dissenting:

I agree with the majority that there is tension in our equitable tolling jurisprudence. However, I respectfully dissent from the majority's holding because Bobadilla's petition is timely under the more practical "stop-clock" rule that this Court, sitting en banc, adopted in the immigration context, *Socop–Gonzalez v. INS*, 272 F.3d 1176 (9th Cir. 2001) (en banc), and has applied in the habeas context, *Gibbs v. Legrand*, 767 F.3d 879 (9th Cir. 2014).

Under the stop-clock rule, once the impediment preventing the petitioner from filing his petition is removed, the Court must only inquire "whether [the petitioner] filed within the limitations period after tolling is taken into account." *Socop–Gonzalez*, 272 F.3d at 1195–96 ("[T]he event that 'tolls' the statute simply *stops the clock* until the occurrence of a later event that permits the statute to resume running."). The stop-clock rule does not require a petitioner to show diligence through the time of filing. *Id.* As this Court has previously noted, requiring a petitioner to demonstrate diligence through the time of filing "arguably usurps congressional authority . . . by substituting [the court's] own subjective view of how much time a plaintiff reasonably needed to file suit." *Id.*; *see also Lott v. Mueller*, 304 F.3d 918, 926–27 (9th Cir. 2002) (McKeown, J., concurring) ("A

year should be 365 days not just for those fortunate enough to be free of any obstacles to filing, but for all petitioners—particularly for those who find their time to prepare a petition shrinking because of impediments beyond their control.").

The majority is correct in pointing out that a diligence-through-filing requirement also seems to find some support in our case law. *See Spitsyn v. Moore*, 345 F.3d 796, 802 (9th Cir. 2003).[1] As the majority notes, in light of this tension, *Luna v. Kernan* advises this Court to "apply both the diligence-through-filing requirement imposed by *Spitsyn* and the stop-clock approach adopted in *Gibbs*." 784 F.3d 640, 651–52 (9th Cir. 2015). However, I take issue with *Luna*'s attempt to reconcile a diligence-through-filing requirement and the stop-clock approach. Under the stop-clock rule, diligence during the post-impediment period does not need to be shown. If, as *Luna* asserts, another line of cases holds that diligence must be shown, then the two lines of cases are irreconcilable. In attempting to

---

[1] *Spitsyn* only addresses the diligence prong of equitable tolling in dicta. *See Spitsyn*, 345 F.3d at 802. The only issue before the Court was whether the misconduct of Spitsyn's attorney was sufficiently egregious to satisfy the "extraordinary circumstance" prong of equitable tolling. *Id.* at 798. The Court concluded that the attorney's misconduct constituted an extraordinary circumstance and remanded the case to the district court to determine "whether Spitsyn exercised reasonable diligence in pursuing the matter, under the circumstances he faced." *Id.* at 802 (stating that a petitioner is not entitled to equitable tolling if "the person seeking equitable tolling has not exercised reasonable diligence in attempting to file, *after the extraordinary circumstances began*" (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) (emphasis added))). While the Court simply noted in its concluding paragraph that "the record [did] not indicate why Spitsyn did not file his petition until September, when [his counsel] returned his files in April," the Court did not indicate that Spitsyn's lack of diligence during this time period would necessarily preclude his entitlement to equitable tolling.

"apply both" approaches, which directly contradict each other, the diligence-through-filing rule necessarily subsumes the stop-clock rule. Because the stop-clock rule is a definitive test and is consistent with "the policy objectives of the statute of limitations," I would apply this rule to assess the timeliness of Bobadilla's petition. *See Socop–Gonzalez*, 272 F.3d at 1195.

Bobadilla has demonstrated (1) "that some extraordinary circumstance stood in his way and prevented timely filing," and (2) "that he has been pursuing his rights diligently." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Bobadilla's lawyer abandoned him by waiting until November 17, 2012—53 weeks after the California Supreme Court's denial of his petition for review—to notify Bobadilla of the denial and to send him the record of his case. We have previously explained the importance of providing habeas petitioners with access to their files. *See, e.g., Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) ("[I]t is unrealistic to expect a habeas petitioner to prepare and file a meaningful petition on his own within the limitations period without access to his legal file." (internal quotation marks omitted)); *Spitsyn*, 345 F.3d at 801 ("But without the file, which [the lawyer] still possessed, it seems unrealistic to expect [the prisoner] to prepare and file a meaningful petition on his own within the limitations period."). Bobadilla's lawyer's conduct in this case constituted an extraordinary circumstance

that prevented Bobadilla from filing his petition on time.

Bobadilla also did not fail to exercise reasonable diligence under the circumstances in this case. Although Bobadilla did not independently inquire about the status of his petition with the California Supreme Court before November 17, 2012, he was represented by counsel and a reasonable person would rely on counsel to inform him of the state court's decision. Further, a reasonable person would not anticipate that the California Supreme Court would deny the petition for review as quickly as it did. *See Huizar v. Carey*, 273 F.3d 1220, 1224 (9th Cir. 2001) (stating without reservation that 21 months is "not an unusually long time [for a prisoner] to wait for a court's decision"). Accordingly, Bobadilla is entitled to equitable tolling from the date the California Supreme Court's denial of his petition for review became final through November 17, 2012. Because Bobadilla filed his habeas petition on November 7, 2013, within the one-year limitations period, his petition is timely under the stop-clock rule.