Filed 2/16/17

# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE,                                    )
                                               )
          Petitioner,                          )
                                               )          S228642
     v.                                        )
                                               )       Ct.App. 4/2 E061754
THE SUPERIOR COURT                             )
OF SAN BERNARDINO COUNTY,                       )
                                               )       San Bernardino County
          Respondent;                          )
                                               )       Super. Ct. No. FVA015456
JOHNNY MORALES,                                )
                                               )
          Real Party in Interest.              )
_____)

Here we address whether a superior court has jurisdiction to grant a motion to preserve evidence relating to a capital case then pending review on automatic appeal to this court. We conclude it does, limited to evidence potentially discoverable under Penal Code section 1054.9, which establishes a mechanism for postconviction discovery.

Real party in interest Johnny Morales was sentenced to death in 2005; the State Public Defender (hereafter appellate counsel) has been appointed to represent him in his pending automatic appeal. As a condemned prisoner, Morales is entitled to the appointment of habeas corpus counsel (Gov. Code, § 68662); owing to a shortage of qualified attorneys willing to accept appointment, however, habeas corpus counsel has not yet been appointed. Appellate counsel's

1

responsibilities, as defined by the scope of her appointment, do not include the investigation and preparation of a petition for writ of habeas corpus, but—until habeas corpus counsel is appointed—do include "preserv[ing] evidence that comes to the attention of appellate counsel if that evidence appears relevant to a potential habeas corpus investigation." (Cal. Supreme Ct., Policies Regarding Cases Arising From Judgments of Death, policy 3, std. 1-1 (Policy 3).)

As more fully described post, under Penal Code section 1054.9,[1] enacted in 2002, a defendant sentenced to death or life imprisonment without the possibility of parole (LWOP) who is prosecuting a postconviction habeas corpus petition may seek discovery of "materials in the possession of the prosecution and law enforcement authorities to which the same defendant would have been entitled at [the] time of trial." (Pen. Code, § 1054.9, subd. (b); see *In re Steele* (2004) 32 Cal.4th 682 (*Steele*).) Here, appellate counsel filed in the superior court a "Motion to Preserve Files, Records, Evidence and Other Items Related to Automatic Appeal," citing in support her responsibilities under Policy 3 and Morales's rights under Penal Code section 1054.9. Although the motion did not seek discovery under that statute as such (given that appellate counsel is not preparing a habeas

_____

[1] Penal Code section 1054.9 provides in relevant part: "(a) Upon the prosecution of a postconviction writ of habeas corpus or a motion to vacate a judgment in a case in which a sentence of death or of life in prison without the possibility of parole has been imposed, and on a showing that good faith efforts to obtain discovery materials from trial counsel were made and were unsuccessful, the court shall, except as provided in subdivision (c), order that the defendant be provided reasonable access to any of the materials described in subdivision (b). [¶] (b) For purposes of this section, 'discovery materials' means materials in the possession of the prosecution and law enforcement authorities to which the same defendant would have been entitled at time of trial." Subdivision (c) of Penal Code section 1054.9 addresses access to physical evidence for purposes of prosecuting a postconviction writ of habeas corpus or motion to vacate a judgment.

corpus petition), it did seek an order directing numerous law enforcement and social service agencies in San Bernardino County to preserve various categories of materials assertedly relevant to the investigation and prosecution of the case against Morales and comparable materials pertaining to other named individuals whose connection with Morales's case is not apparent on the face of the motion. The motion also sought preservation of materials apparently not within the scope of Penal Code section 1054.9, including an order directing (1) the San Bernardino County Jury Commissioner to preserve materials involving procedures and practices regarding the selection of jury venires in the years 2002 through 2004, (2) the San Bernardino County Indigent Defense Program to preserve materials pertaining to the procuring and awarding of contracts for the operation of the county's conflict panel between 2001 and 2004, and (3) the preservation of San Bernardino County Superior Court materials pertaining to the appointment of counsel for indigent defendants from 2001 to 2004. The motion requested that the order remain in effect until either 30 days after execution of the death sentence or until destruction of the materials is approved by a court of competent jurisdiction after at least 90 days' written notice of any intention to allow such destruction has been provided to Morales, his counsel, the San Bernardino County District Attorney, and the Attorney General. Finally, the motion sought an accounting, also not within the explicit scope of Penal Code section 1054.9, by the agencies named in the motion as to whether any of the materials sought "are in the possession of any other governmental unit, entity, official, employee, or former employee and/or whether any of such material has been destroyed."

The District Attorney opposed the motion, contending it sought unauthorized postconviction discovery outside the court's jurisdiction to grant; the requested orders were unnecessary, overbroad, and onerous; the proposed expiration date of the preservation orders was unreasonable; and the request for an accounting of the

3

status of requested items was an improper discovery request, unauthorized by statute or case law.

The superior court granted the motion in its entirety, observing that none of the entities served with the motion had filed opposition and reasoning that, as a matter of "common sense," unless the evidence is preserved, there will be nothing to discover under Penal Code section 1054.9.

The Attorney General, on behalf of the People, filed a petition for writ of mandate asking the Court of Appeal to vacate the superior court's preservation order. She argued that the superior court lacked authority to issue the order because judgment had been pronounced and there was no matter pending in the superior court to which jurisdiction for such an order could attach or, in the alternative, that even if the court had jurisdiction to enter a preservation order, the particular order exceeded its jurisdiction because it was not limited to materials for which Morales had a right to seek discovery under Penal Code section 1054.9. The Court of Appeal issued a peremptory writ, directing the superior court to vacate its preservation order and enter a new order denying the motion. Morales's petition for review followed.

Although the general rule is that a person seeking habeas corpus relief from a judgment of death is not entitled to postconviction discovery unless and until a court issues an order to show cause (*Steele*, *supra*, 32 Cal.4th at p. 690; *People v. Gonzalez* (1990) 51 Cal.3d 1179, 1255–1261 (*Gonzalez*)), the Legislature has partially abrogated this rule by enacting Penal Code section 1054.9. The statute creates a mechanism by which, as noted, a capital or LWOP prisoner prosecuting a habeas corpus petition can seek discovery of "materials in the possession of the prosecution and law enforcement authorities to which the same defendant would have been entitled at [the] time of trial." (*Id.*, subd. (b).)

4

We enumerated the prerequisites to postconviction discovery under the statute in *Steele*, *supra*, 32 Cal.4th 682. The defendant must first make good faith efforts to obtain the materials from trial counsel, but the statute encompasses not only materials trial counsel actually possessed (but that have been lost for whatever reason) but also those " 'in the possession of the prosecution and law enforcement authorities to which the same defendant *would have been entitled* at [the] time of trial,' " regardless of whether he or she specifically requested them. (*Id*. at p. 696, quoting Pen. Code, § 1054.9, subd. (b).) That is, "we interpret section 1054.9 to require the trial court, on a proper showing of a good faith effort to obtain the materials from trial counsel, to order discovery of specific materials currently in the possession of the prosecution or law enforcement authorities involved in the investigation or prosecution of the case that the defendant can show either (1) the prosecution did provide at [the] time of trial but have since become lost to the defendant; (2) the prosecution should have provided at [the] time of trial because they came within the scope of a discovery order the trial court actually issued at that time, a statutory duty to provide discovery, or the constitutional duty to disclose exculpatory evidence; (3) the prosecution should have provided at time of trial because the defense specifically requested them at that time and was entitled to receive them; or (4) the prosecution had no obligation to provide at time of trial absent a specific defense request, but to which the defendant would have been entitled at time of trial had the defendant specifically requested them." (*Steele*, *supra*, at p. 697.)

"The discovery obligation . . . does not extend to all law enforcement authorities everywhere in the world but . . . only to law enforcement authorities who were involved in the investigation or prosecution of the case." (*Steele*, *supra*, 32 Cal.4th at p. 696.) In other words, Penal Code "[s]ection 1054.9, subdivision (b), should not be read as creating a broader *postconviction* discovery right" than

5

was operative at the time of trial. (*Steele*, *supra*, at p. 696.) Although we have said "[t]he statute imposes no preservation duties that do not otherwise exist" and "does not impose a duty to search for or obtain materials not currently possessed" (*id.* at p. 695), the statute is silent regarding whether a court may order an entity possessing materials to which a defendant may be entitled under Penal Code section 1054.9 to preserve them pending the filing of an actual discovery motion under the statute.

In granting the People's petition for relief from the preservation order, the Court of Appeal distinguished a motion seeking preservation of evidence, which it considered a species of discovery motion (see *People v. Johnson* (1992) 3 Cal.4th 1183, 1257–1258 (*Johnson*) ["In requesting an order for preservation of the fruits of law enforcement and forensic investigations in the capital case . . . , defendant's motion essentially sought anticipatory postjudgment discovery"]), from a motion under Penal Code section 1054.9. Although it acknowledged there is no requirement a habeas corpus petition must have been filed at the time discovery under section 1054.9 is sought, it reasoned the superior court lacks jurisdiction to grant a motion for preservation when, in virtue of the appeal pending in this court, no criminal proceeding is then before it. In support, the Court of Appeal cited *Gonzalez*, *supra*, 51 Cal.3d at page 1257, which stated that " 'a discovery motion is not an independent right or remedy. It is ancillary to an ongoing action or proceeding. After the judgment has become final, there is nothing pending in the trial court to which a discovery motion may attach.' " (See *People v. Picklesimer* (2010) 48 Cal.4th 330, 337 [relief from mandatory sex offender registration based on long-final conviction must be sought by petition for writ of mandate].) The court recognized that "if Morales had chosen to proceed by filing a bare-bones habeas corpus petition, there would at least have been a proceeding to which his request could have attached, and the trial court could have reached the merits." In

6

other words, the Court of Appeal concluded the preservation motion was actually a type of discovery motion falling outside the scope of Penal Code section 1054.9, and therefore the default rule of *Gonzalez*—there is no postconviction habeas corpus discovery before an order to show cause has issued—controlled.

Although the Court of Appeal was correct as a general matter that a discovery motion is not an independent right or remedy but rather is ancillary to an ongoing action or proceeding, its analysis, as we shall explain, failed to give sufficient consideration to the provisions of Penal Code section 1054.9 and Code of Civil Procedure section 187.

The Attorney General contends the superior court lacks jurisdiction under Code of Civil Procedure section 916, subdivision (a), to entertain preservation motions because such motions do not relate to any proceeding over which the court has jurisdiction, given the pendency of the death judgment on appeal. When *Gonzalez* and *Johnson* were decided, no mechanism such as Penal Code section 1054.9 existed for obtaining discovery as of right after a criminal judgment became final and before an order to show cause issued in a related habeas corpus proceeding. Any motion seeking discovery, or preservation of evidence for future discovery, was "free floating" in the sense it was untethered to any ongoing action or proceeding in the trial court or other matter "embraced in the action and not affected by the judgment or order" (Code Civ. Proc., § 916, subd. (a) [stating exception to the automatic stay of proceedings in trial court upon perfecting an appeal]), and thus fell outside the limited scope of the trial court's jurisdiction while the appeal was pending. This observation remains true, for, as we recognized in *People v. Superior Court (Pearson)* (2010) 48 Cal.4th 564, "A habeas corpus matter has long been considered a separate matter from the criminal case itself," and Penal Code section 1054.9 discovery is "part of the prosecution of the habeas corpus matter, not part of the underlying criminal case." (*Pearson,*

7

*supra,* at p. 572.)[2]  Similarly, *Johnson*, *supra*, 3 Cal.4th at page 1258, characterized a motion to preserve evidence as one essentially seeking postconviction discovery and concluded it did not relate to the record correction proceedings pending in the trial court at the time of the motion.  (See *ibid.* ["The record correction proceedings pending before the trial court at the time of defendant's motion are not the type of proceeding that can support a request for discovery."].)

Under current law, however, discovery is available as a matter of right under Penal Code section 1054.9, provided the motion satisfies the statutory requirements as explicated in *Steele*, *supra*, 32 Cal.4th at page 697.  The statute imposes no constraint on the timing of the motion, other than that it occur after sentencing and in the prosecution of a postconviction writ of habeas corpus; in *Steele* we declared, for practical reasons, that unless a movant's execution is imminent, the motion should be filed in the trial court.  (*Id.* at p. 692.)  Consequently, the trial court in this case had jurisdiction to entertain a motion under section 1054.9, and Morales sought to invoke that jurisdiction with the filing of his preservation motion.  As noted, however, Morales has no habeas corpus counsel at present, and the filing of a motion seeking discovery under Penal Code section 1054.9 is outside the scope of appellate counsel's appointment; thus, when Morales may be in a position to file such a motion is unknown.  In the meantime, some of the evidence to which he would be entitled may be at risk of being lost,

---

[2]    Morales correctly points out that the issue before us in *Pearson* was the narrower question whether Penal Code section 1054.9 constituted an amendment to Proposition 115 (and thus subject to the latter's supermajority legislative vote requirement for amending the initiative's other criminal trial discovery provisions).  *Pearson*'s observation that a habeas corpus matter is a separate proceeding from the criminal case to which it relates, however, remains valid. (See *In re Carpenter* (1995) 9 Cal.4th 634, 645–646.)

8

which would render moot the trial court's power to grant discovery under Penal Code section 1054.9.

Given the present statutory landscape, Morales contends the granting of a preservation motion falls within the trial court's inherent authority to carry out its Penal Code section 1054.9 postconviction discovery jurisdiction. He reasons an evidence preservation order is a necessary means by which to carry out the court's jurisdiction to issue postconviction discovery orders under Penal Code section 1054.9 and thus falls within the court's inherent power under Code of Civil Procedure section 187, which provides in relevant part that "[w]hen jurisdiction is . . . by any . . . statute, conferred on a Court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code." Courts have exercised inherent powers in "situations in which the rights and powers of the parties have been established by substantive law or court order but workable means by which those rights may be enforced or powers implemented have not been granted by statute." (*Topa Ins. Co. v. Fireman's Fund Ins. Companies* (1995) 39 Cal.App.4th 1331, 1344.)

The Attorney General disputes this contention, arguing that the superior court lacks jurisdiction because Penal Code section 1054.9 does not explicitly authorize preservation orders and does not confer a right to a "fishing expedition." According to the Attorney General, a court's inherent power under Code of Civil Procedure section 187 is limited to fashioning procedural rules in the absence of an established procedure, and Penal Code section 1054.9 already establishes the procedure governing postconviction discovery.

9

We find the Attorney General's interpretation of Code of Civil Procedure section 187 unduly narrow in this context. Penal Code section 1054.9 authorizes the postconviction discovery motion procedure and describes the scope of available discovery, but does not speak to the situation in which a condemned prisoner who is otherwise entitled to seek discovery under the statute is temporarily prevented from doing so for lack of the appointment of habeas corpus counsel as guaranteed in Government Code section 68662. We have previously described how a critical shortage of qualified attorneys willing to accept habeas corpus appointments resulted in delays in our meeting our responsibility to appoint counsel for condemned inmates like Morales and, in this compelling circumstance, we have adapted existing procedures to that regrettable reality. (See *In re Morgan* (2010) 50 Cal.4th 932, 937–938 (*Morgan*).)[3]

Thus, in *Morgan*, *supra*, 50 Cal.4th 932 and *In re Zamudio Jimenez* (2010) 50 Cal.4th 951 (*Zamudio Jimenez*), we explained that, in order to preserve condemned inmates' ability to seek federal habeas corpus relief within the applicable one-year statute of limitations (see 28 U.S.C. § 2244(d)(1)(A)), we were recognizing an exception to the general rule that a habeas petitioner must raise all claims in a single, unamended petition. This exception permits an unrepresented petitioner, or one whose habeas corpus counsel we appointed too late to enable him or her to prepare and timely file a reasonably thorough petition

---

[3] Proposition 66, adopted by the electorate in the November 8, 2016 general election, amended Government Code section 68662 to shift responsibility for the appointment of capital habeas corpus counsel from this court to the superior court that imposed the death sentence. (Voter Information Guide, Gen. Elec. (Nov. 8, 2016) text of Prop. 66, § 16, p. 217.) We express no view regarding the effect of that enactment, regarding which a constitutional challenge is currently pending in this court (*Briggs v. Brown*, S238309, order to show cause issued Feb. 1, 2017), on the question before us.

raising all arguably meritorious claims, to file a cursory petition intended to be amended after an adequate opportunity for investigation and development of claims. We then defer consideration of such a petition pending our appointment of habeas corpus counsel and the filing of an amended petition within the period of presumptive timeliness under our policies. (*Morgan*, *supra*, at p. 942; *Zamudio Jimenez*, *supra*, at p. 959; see Policy 3.) We were careful to note that the exception thus recognized did not alter the general requirement that a habeas corpus petitioner raise all claims in a single unamended petition. (*Zamudio Jimenez*, *supra*, at p. 958, citing *In re Clark* (1993) 5 Cal.4th 750, 781, 797.)

*Morgan* and *Zamudio Jimenez* did not involve jurisdictional questions, and we therefore had no occasion to characterize our recognition of this exception as an exercise of our inherent authority under Code of Civil Procedure section 187. But these decisions reflect our recognition of the principle that our inability to timely appoint habeas corpus counsel in capital cases should not operate to deprive condemned inmates of a right otherwise available to them. The same principle supports our view that trial courts, which have jurisdiction under Penal Code section 1054.9 to grant condemned inmates' motions for postconviction discovery, have the inherent power to protect that jurisdiction by entertaining motions for the preservation of evidence that will ultimately be subject to discovery under that statute when the movant is appointed habeas corpus counsel.

Morales may be understood to argue that the enactment of Penal Code section 1054.9 operated more broadly to supersede the traditional rule, as stated in *Gonzalez* and *Johnson*, that discovery is unavailable in habeas corpus matters before the court has issued an order to show cause. We are unpersuaded. The statute carves out particular categories of material as subject to postconviction discovery, and nothing in its language or the legislative history suggests the

11

Legislature intended the statute to serve as a predicate for more wide-ranging postconviction discovery.

Morales may further be understood to contend that this court's decisions in *Townsel v. Superior Court* (1999) 20 Cal.4th 1084 and *Varian Medical Systems, Inc. v. Delfino* (2005) 35 Cal.4th 180, undermined the holdings of *Gonzalez* and *Johnson* insofar as the latter decisions generally precluded postconviction discovery proceedings in the superior court pending appeal of the judgment. Both *Townsel* and *Varian*, arising in non-discovery contexts, are founded on the premise that trial courts have jurisdiction to enter orders on matters ancillary or collateral to the judgment that do not interfere with the appellate court's jurisdiction by affecting the appeal or altering the judgment on appeal. In *Townsel* we held that, while an automatic appeal of a death judgment is pending in this court, the trial court retains jurisdiction to enter orders governing appellate counsel's contact with trial jurors, reasoning that such orders, while embraced in the action, neither affect the judgment under appeal nor otherwise interfere with this court's appellate jurisdiction. (*Townsel*, *supra*, at pp. 1089–1091.) In *Varian*, we held that an appeal from the denial of a special motion to strike under the anti-SLAPP statute, Code of Civil Procedure section 425.16, effects an automatic stay, under Code of Civil Procedure section 916, subdivision (a), of proceedings on the merits of the complaint, inasmuch as a successful appeal of the motion would be irreconcilable with a judgment for the plaintiff on the merits of the claim if trial were allowed to proceed during the pendency of the appeal. (*Varian*, *supra*, at p. 193.)

Neither *Townsel* nor *Varian* affects our understanding of the scope of Penal Code section 1054.9 or Code of Civil Procedure section 187, or purports to change the general rule that for a trial court to retain jurisdiction to act in a matter that is then pending appellate review, the matter must be both embraced in the action and

12

unaffected by the judgment on appeal. (Code Civ. Proc., § 916, subd. (a).) As we have seen, postconviction discovery relating to the prosecution of a habeas corpus petition, as provided in Penal Code section 1054.9, is not embraced in the action that is pending appellate review because habeas corpus is a matter separate from the criminal case itself. (See *People v. Superior Court (Pearson)*, *supra*, 48 Cal.4th at p. 572.)

In sum, because the superior court has jurisdiction under Penal Code section 1054.9 to grant postconviction discovery to the extent consistent with the statute, the court has the inherent power under Code of Civil Procedure section 187 to order preservation of evidence that would potentially be subject to such discovery. Questions as to whether a movant is actually entitled to discovery of the material to be preserved, including compliance with the procedural requirements of Penal Code section 1054.9, will await the eventual filing and determination of the postconviction discovery motion.

Finally, to guide the lower courts on remand, we observe that the motion and related preservation order in this case appear to encompass materials beyond the scope of Penal Code section 1054.9. The statute, as noted, provides for discovery of certain materials currently in the possession of the prosecution or law enforcement authorities involved in the investigation or prosecution of the case. (Pen. Code, § 1054.9, subd. (b); *Steele*, *supra*, 32 Cal.4th at p. 697.) It "does not extend to all law enforcement authorities everywhere in the world but, we believe, only to law enforcement authorities who were involved in the investigation or prosecution of the case." (*Steele*, *supra*, at p. 696.) It also does not extend to judicial or other non-law-enforcement agencies, such as jury commissioners or indigent defense programs. Nor does it specifically mandate that any agency within its scope provide an accounting as to whether the requested materials are in the possession of some other governmental unit, entity, official, or current or

13

former employee, or whether any of the requested material has been destroyed. An order purporting to require the preservation of materials beyond the scope of Penal Code section 1054.9 would thus exceed the trial court's jurisdiction on a motion to preserve evidence.

We therefore reverse the judgment of the Court of Appeal and remand to that court with directions to remand this matter to the superior court for proceedings consistent with this opinion.

**WERDEGAR, J.**


**WE CONCUR:**


**CANTIL-SAKAUYE, C. J.**
**CHIN, J.**
**CORRIGAN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**KRUGER, J.**

15

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Superior Court (Morales)

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 239 Cal.App.4th 93
**Rehearing Granted**

_____

**Opinion No.** S228642
**Date Filed:** February 16, 2017

_____

**Court:** Superior
**County:** San Bernardino
**Judge:** Ingrid Adamson Uhler

_____

**Counsel:**

Kamala D. Harris, Attorney General, Edward C. DuMont, State Solicitor General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Donald E. deNicola, Deputy State Solicitor General, Holy D. Wilkens and Michael T. Murphy, Deputy Attorney General, for Petitioner.

No appearance for Respondent.

Michael J. Hersek and Mary K. McComb, State Public Defenders, Barry P. Helft, Chief Deputy State Public Defender, and C. Delaine Renard, Deputy State Public Defender, for Real Party in Interest.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Michael T. Murphy
Deputy Attorney General
600 West Broadway, Suite 1800
San Diego, CA 92101
(619) 645-3081

C. Delaine Renard
Deputy State Public Defender
1111 Broadway, Suite 1000
Oakland, CA  94607
(510) 267-3300