Filed 7/27/21  Hale v. Superior Court CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| GODOY ANTHONY HALE,<br><br>        Petitioner,<br><br>    v.<br><br>THE SUPERIOR COURT OF SAN DIEGO COUNTY,<br><br>        Respondent;<br><br>THE PEOPLE,<br><br>        Real Party in Interest. | D078515<br><br><br>(San Diego County Super. Ct. Nos. SCE174700, EHC1278) |

ORIGINAL PROCEEDING in mandate.  Evan P. Kirvin, Judge. Petition granted in part and denied in part.

Godoy Anthony Hale, in pro. per., for Petitioner.

No appearance by Respondent.

Summer Stephan, District Attorney, Mark A. Amador, Linh Lam and Wendy L. Patrick, Deputy District Attorneys, for Real Party in Interest.

In the late 1990's, Godoy Anthony Hale was convicted of multiple felonies.  (See *People v. Hale* (1999) 75 Cal.App.4th 94, 96-97 (*Hale*).)  He was

sentenced to an indeterminate term of life imprisonment plus one year four months. Over the ensuing decades, Hale has filed a number of habeas petitions challenging his convictions, which the trial court has denied.

Hale's current petition, which we have construed as a petition for writ of mandate, challenges the trial court's denial of his request for postconviction discovery under Penal Code section 1054.9.[1] We conclude the trial court erred by denying Hale's request, at least in part, and therefore grant relief.

## FACTUAL AND PROCEDURAL BACKGROUND

Hale's convictions are primarily based on acts of threatened and completed violence against his former girlfriend. (*Hale*, *supra*, 75 Cal.App.4th at p. 97.) After Hale and his former girlfriend broke up, Hale repeatedly threatened to kill her. (*Id*. at pp. 100-101.) Later, Hale snuck into her home at night and struck her several times in the face with a hammer. (*Id*. at p. 101.) Hale continued to threaten to kill her and, after he was arrested, asked a cellmate to find a hitman to murder her. (*Id*. at pp. 102-103.) After two jury trials, he was convicted of torture (§ 206), first degree burglary (§ 459), assault with a deadly weapon (§ 245, subd. (a)(1)), making a terrorist threat (§ 422), stalking (§ 646.9, subd. (a)), and solicitation of murder (§ 653f, subd. (b)). (*Hale*, at pp. 96-97.)

In June 2020, Hale filed a petition for writ of habeas corpus in the trial court. His petition sought postconviction discovery under section 1054.9. Hale noted that the statute had recently been amended to expand the class of inmates who were entitled to such discovery. He requested that the prosecution produce documents and materials in a number of categories,

---

[1] Subsequent statutory references are to the Penal Code.

2

including police reports, written and recorded statements by prosecution witnesses, witness protection and witness relocation records for the victim, and copies of any discovery already provided to Hale's trial counsel. Hale contended he had made good faith efforts to obtain these materials from trial counsel, but he was unsuccessful. His trial counsel had passed away several years prior.

In an informal response solicited by the trial court, the district attorney urged the court to deny Hale's petition. The district attorney argued that a habeas petition was not the proper procedural mechanism for the relief Hale sought, and she asked the court to treat Hale's petition as a motion for postconviction discovery under section 1054.9. On the merits, the district attorney contended that Hale was not entitled to postconviction discovery for four reasons: "first, he failed to establish that he is preparing to file a petition for writ of habeas corpus; second, he failed to identify the discovery that he seeks with reasonable specificity; third, he failed to describe how the discovery supports grounds for relief; and fourth, he failed to show that he made a good faith effort to obtain the discovery from his counsel."

In a written order, the court denied Hale's petition. As an initial matter, contrary to the district attorney's position, it found that Hale did not have the ability to obtain the requested discovery from his trial counsel, since his trial counsel was deceased. The court was hesitant to treat Hale's petition as a motion, since it believed that a request for postconviction discovery could be made in connection with a habeas petition. But, even treating it as such, the court found that Hale was not entitled to postconviction discovery under section 1054.9. It offered the following reasons: (1) Hale "has not shown how the requested discovery items are essential to the full development of any habeas corpus claims he intends to

advance"; (2) Hale's "unsupported, general claim that the discovery *may* contain favorable material that could tend to impeach witnesses or exculpate [him] is not sufficient good cause to grant the discovery request"; (3) Hale's "request is overbroad in that he requests any and all discovery provided to defense counsel and then goes on to ask for additional items that may or may not have been provided"; and (4) with respect to impeachment, Hale had not provided any explanation how the discovery could be relevant to a subsequent habeas corpus petition under section 1473, subdivision (b)(3). The court relied primarily on *In re Steele* (2004) 32 Cal.4th 682, 695 (*Steele*), which held that section 1054.9 "does not allow 'free-floating' discovery asking for virtually anything the prosecution possesses," and *Satele v. Superior Court* (2019) 7 Cal.5th 852, 860 (*Satele*), which the trial court interpreted to require defendants to show good cause to access discovery materials under section 1054.9.

Hale challenged the trial court's order by petition for writ of habeas corpus in this court. We issued an order treating the petition as a petition for writ of mandate and an alternative writ directing that the trial court reconsider Hale's request for postconviction discovery. The trial court reconsidered Hale's request and again denied it as overbroad. We issued an order to show cause why the relief sought by Hale should not be granted, and this proceeding followed.

DISCUSSION

Historically, a trial court lacked jurisdiction to order postconviction discovery unless and until a defendant filed a petition for writ of habeas corpus stating a prima facie case for relief. (*People v. Gonzalez* (1990) 51 Cal.3d 1179, 1258-1261 (*Gonzalez*).) Section 1054.9 changed that rule, first for defendants sentenced to death or life imprisonment without the

4

possibility of parole (see former § 1054.9, added by Stats. 2002, ch. 1105, § 1) and later for defendants convicted of a serious felony or a violent felony resulting in a sentence of 15 years or more (see former § 1054.9, as amended by Stats. 2018, ch. 482, § 2). Most recently, the Legislature expanded the statute to cover defendants who had ever been convicted of a serious felony or a violent felony resulting in a sentence of 15 years or more. (See § 1054.9, as amended by Stats. 2019, ch. 483, § 1.)

The current statute provides, in relevant part, as follows: "In a case in which a defendant is or has ever been convicted of a serious felony or a violent felony resulting in a sentence of 15 years or more, upon the prosecution of a postconviction writ of habeas corpus or a motion to vacate a judgment, or in preparation to file that writ or motion, and on a showing that good faith efforts to obtain discovery materials from trial counsel were made and were unsuccessful, the court shall, [except in circumstances not applicable here], order that the defendant be provided reasonable access to any of the materials described in subdivision (c)." (§ 1054.9, subd. (a).) The discovery materials referenced in the statute are "materials in the possession of the prosecution and law enforcement authorities to which the same defendant would have been entitled at time of trial." (*Id.*, subd. (c).)

Section 1054.9 allows for postconviction discovery before filing a habeas corpus petition, "to assist in stating a prima facie case for relief." (*Steele*, *supra*, 32 Cal.4th at p. 691.) It provides for postconviction discovery "as a matter of right" if the statute's requirements are satisfied. (*People v. Superior Court* (*Morales*) (2017) 2 Cal.5th 523, 531 (*Morales*).)

"Under section 1054.9, subdivision (a) . . . , upon a showing of good faith but unsuccessful efforts to obtain discovery materials from trial counsel, the court shall order that the defendant 'be provided reasonable access to any of

5

the materials described in subdivision (c).' In essence, '[i]f that showing is made, the defendant is entitled to discovery.' " (*Satele*, *supra*, 7 Cal.5th at p. 858; accord, *Davis v. Superior Court* (2016) 1 Cal.App.5th 881, 885 (*Davis*) ["the trial court 'shall' order that 'discovery materials' be made available to the inmate"].)

"The legislative history behind section 1054.9 shows that the Legislature's main purpose was to enable defendants efficiently to reconstruct defense attorneys' trial files that might have become lost or destroyed after trial." (*Barnett v. Superior Court* (2010) 50 Cal.4th 890, 897 (*Barnett*).) "The Legislature's purpose of enabling file reconstruction should not be difficult to implement. Defendants should first seek to obtain their trial files from trial counsel. But if a defendant can show a legitimate reason for believing trial counsel's current files are incomplete (for example, if, as here, not all numbered discovery is available), the defendant should be able to work with the prosecution to obtain copies of any missing discovery materials it had provided to the defense before trial (assuming it still possesses them). [Citation.] If necessary, the trial court can order the prosecution to provide any materials it still possesses that it had provided at time of trial." (*Id.* at p. 898.)

But the statute "does not limit the discovery materials to materials the defense once actually possessed to the exclusion of materials the defense did not possess but to which it would have been entitled at time of trial." (*Steele*, *supra*, 32 Cal.4th at p. 694.) "Obtaining documents to which trial counsel was legally entitled is broader than mere file reconstruction." (*Ibid.*)

"Accordingly, [our Supreme Court has interpreted] section 1054.9 to require the trial court, on a proper showing of a good faith effort to obtain the materials from trial counsel, to order discovery of specific materials currently

6

in the possession of the prosecution or law enforcement authorities involved in the investigation or prosecution of the case that the defendant can show either (1) the prosecution did provide at time of trial but have since become lost to the defendant; (2) the prosecution should have provided at time of trial because they came within the scope of a discovery order the trial court actually issued at that time, a statutory duty to provide discovery, or the constitutional duty to disclose exculpatory evidence; (3) the prosecution should have provided at time of trial because the defense specifically requested them at that time and was entitled to receive them; or (4) the prosecution had no obligation to provide at time of trial absent a specific defense request, but to which the defendant would have been entitled at time of trial had the defendant specifically requested them." (*Steele*, *supra*, 32 Cal.4th at p. 697.)

The statute imposes an additional requirement if a defendant seeks access to "physical evidence" as part of a postconviction discovery request. (§ 1054.9, subd. (d).) If the statute is otherwise satisfied, "the court may order that the defendant be provided access to physical evidence for the purpose of examination, including, but not limited to, any physical evidence relating to the investigation, arrest, and prosecution of the defendant only upon a showing that there is good cause to believe that access to physical evidence is reasonably necessary to the defendant's effort to obtain relief." (*Ibid*.; see *Satele*, *supra*, 7 Cal.5th at p. 858.) It does not appear that access to physical evidence is at issue here.

As a discovery matter, we review the trial court's order for abuse of discretion. (*Kennedy v. Superior Court* (2006) 145 Cal.App.4th 359, 366 (*Kennedy*).) In general, "mandate does not lie to control the exercise of a court's discretion. [Citation.] But it is an appropriate remedy to compel a

7

court or government officer to exercise that discretion ' "under a proper interpretation of the applicable law." ' [Citations.] ' " '[W]here one has a substantial right to protect or enforce, and this may be accomplished by such a writ, and there is no other plain, speedy and adequate remedy in the ordinary course of law, he [or she] is entitled as a matter of right to the writ, or perhaps more correctly, in other words, it would be an abuse of discretion to refuse it.' " ' " (*Shorts v. Superior Court* (2018) 24 Cal.App.5th 709, 719.) As we explain, the trial court here employed the wrong legal standard to determine whether Hale was entitled to discovery, and it ordered a blanket denial of Hale's requests without addressing them individually. This was an abuse of discretion, and Hale has no other adequate remedy. Writ relief is appropriate. (See *ibid.*; see also *Wade v. Superior Court* (2019) 33 Cal.App.5th 694, 709; *Gardner v. Superior Court* (2010) 185 Cal.App.4th 1003, 1015.)

The district attorney raises two threshold procedural objections. Neither is persuasive. First, the district attorney contends Hale is not entitled to relief because he filed a habeas petition in the trial court, rather than a motion for postconviction discovery. Her position appears contrary to her position in the trial court, where she urged the court to treat Hale's habeas petition as such a motion. The court did so as an alternative basis in its initial order, and as the sole basis upon reconsideration. The trial court therefore resolved any potential procedural irregularity—at the district attorney's urging. Second, the district attorney contends that a petition for writ of mandate, not habeas corpus, is the proper vehicle to challenge the trial court's order. We have already issued an order construing Hale's habeas petition as a petition for writ of mandate. Thus, this potential procedural irregularity has already been resolved as well.

On the merits, it is undisputed that Hale has a qualifying conviction and sentence under the statute. It likewise appears undisputed that Hale has made good faith but unsuccessful efforts to obtain discovery materials from his trial counsel, as the trial court found. In general, once this showing is made, a defendant is entitled to seek discovery under the statute. (*Satele, supra*, 7 Cal.5th at p. 858; *Davis, supra*, 1 Cal.App.5th at pp. 885-886.)

Nonetheless, the district attorney raises two overarching substantive objections. First, she contends Hale has not shown his discovery requests are "in preparation to file" a postconviction writ of habeas corpus or motion to vacate a judgment. (§ 1054.9, subd. (a).) The district attorney primarily relies on authorities that predate the enactment of section 1054.9. She quotes *Gonzalez* for the proposition that habeas corpus "is not a device for investigating possible claims, but a means for vindicating actual claims." (*Gonzalez, supra*, 51 Cal.3d at p. 1260.) However, as our Supreme Court has held, section 1054.9 *is* a device for investigating possible claims: "Defendants are now entitled to discovery to assist in stating a prima facie case for relief. But the only way this modification of the *Gonzalez* rule makes sense is to permit defendants to seek discovery *before* they file the petition, i.e., before they must state a prima facie case. Reasonably construed, the statute permits discovery as an aid in preparing the petition, which means discovery may come before the petition is filed. Thus, we believe a defendant is entitled to seek discovery if he or she is preparing to file the petition as well as after the petition has been filed." (*Steele, supra*, 32 Cal.4th at p. 691.) Contrary to the district attorney's assertion, Hale is not required to state a prima facie case for habeas relief in order to obtain postconviction discovery under section 1054.9. (*Ibid.*; accord, *Satele, supra*, 7 Cal.5th at p. 857; *Morales, supra*, 2 Cal.5th at p. 528; *Barnett, supra*, 50 Cal.4th at pp. 897-898.)

9

Second, and relatedly, the district attorney contends Hale has not explained how his requested discovery supports any potential grounds for habeas relief. The trial court likewise relied on this requirement in its initial order denying Hale's petition. We disagree that such a requirement applies here. As noted, for access to "physical evidence for the purpose of examination," a defendant must show "good cause to believe that access to physical evidence is reasonably necessary to the defendant's effort to obtain relief." (§ 1054.9, subd. (d); see *Satele*, *supra*, 7 Cal.5th at p. 858; *Davis*, *supra*, 1 Cal.App.5th at p. 886.) The statute does not include any such requirement for access to discovery materials more broadly. This absence indicates that the Legislature did not intend to impose such a requirement on access to discovery materials that are not physical evidence. (See *Vasquez v. State of California* (2008) 45 Cal.4th 243, 253.) Once a defendant satisfies the requirements of the statute, he is entitled to the discovery materials described therein. (*Steele*, *supra*, 32 Cal.4th at p. 697; accord, *Satele*, at p. 858; *Morales*, *supra*, 2 Cal.5th at p. 529; *Davis*, at p. 886.) There is no separate requirement that a defendant generally link the requested materials to any potential grounds for relief.

The district attorney notes that the purpose of section 1054.9 is "to assist [a defendant] in stating a prima facie case for relief" (*Steele*, *supra*, 32 Cal.4th at p. 691) and suggests that a court must examine a defendant's grounds for relief to determine whether the requested discovery would "assist" him. Again, we disagree. This purpose does not imply an additional requirement, not found in the statute. Our Supreme Court's discussion of the statute confirms this interpretation. *Steele* identified a number of categories that are discoverable under section 1054.9. (*Id.* at pp. 695-697.) Its discussion, especially of file reconstruction, would make no sense if the

10

defendant additionally had to show that the requested materials within those categories were relevant to a possible ground for habeas relief. (See *ibid.*) As the Supreme Court subsequently explained, "The Legislature's purpose of enabling file reconstruction should not be difficult to implement." (*Barnett, supra,* 50 Cal.4th at p. 898.) Upon a showing that a defendant has made good faith but unsuccessful efforts to obtain from his counsel discovery materials actually provided by the prosecution at trial, he is simply entitled to obtain such materials from the prosecution if the prosecution still has them in its possession. (*Ibid.*) If the defendant can show a legitimate reason for believing that trial counsel's current files are incomplete, he may obtain copies from the prosecution *even if he cannot identify the missing discovery materials.* (*Ibid.*) This holding necessarily precludes a requirement that a defendant explain how his requested discovery supports any potential grounds for habeas relief.

What a defendant must do, instead, is show that the requested discovery falls within the category of discovery materials described in section 1054.9, i.e., "materials in the possession of the prosecution and law enforcement authorities to which the same defendant would have been entitled at time of trial." (*Id.*, subd. (c); see *Steele, supra,* 32 Cal.4th at p. 697.) Although this requirement defines the scope of discoverable material, the district attorney does not address it in her briefing and the trial court did not apply it in its orders.

With respect to Hale's individual requests, the district attorney argues he has not described the discovery he seeks with reasonable specificity. She argues his requests seek "unlimited discovery" and are overbroad. She criticizes Hale for not providing any basis for believing the requested materials actually exist. Similarly, in its reconsideration order, the trial

11

court found that Hale's requests were "overbroad and this court will not second guess the items [Hale] is seeking in the unlimited requests made in this motion."

The district attorney primarily relies on *Barnett*. In that case, a petitioner's "discovery motion contained a wide range of requests, some reasonably specific, others open[-]ended. At one point in this litigation, for example, he identified 60 different items or categories of items that he sought. Even after the trial court granted many of his requests, petitioner challenged in this writ proceeding the denial or partial denial of 24 others. He sought 'any information in the government's hands regarding any of its witnesses' motives to lie or biases for the State or against [the petitioner].' Thus, in addition to some specific requests, petitioner was on a proverbial fishing expedition for anything that might exist." (*Barnett*, *supra*, 50 Cal.4th at p. 899.) *Barnett* rejected such an open-ended request. It held that "section 1054.9 requires defendants who seek discovery beyond file reconstruction to show a reasonable basis to believe that other specific materials actually exist. Otherwise, a discovery request can always become,

as this one has, a free-floating request for anything the prosecution team may possess." (*Ibid.*)[2]

While *Barnett* imposes reasonable limits on postconviction discovery, it does not justify the trial court's blanket denial of Hale's motion. The court was required to consider each request individually. (See *Barnett*, *supra*, 50 Cal.4th at p. 899; see also *Steele*, *supra*, 32 Cal.4th at p. 692 [trial court must assess requests and "decide what specific new discovery, if any, it should order"]; *Davis*, *supra*, 1 Cal.App.5th at p. 887 [reversing blanket denial and remanding so the trial court "can exercise discretion regarding which specific items of discovery . . . petitioner is entitled to receive"]; *Kennedy*, *supra*, 145 Cal.App.4th at pp. 369-398 [appellate court examining individual requests].) The trial court abused its discretion by proceeding otherwise.

Our review of Hale's requests shows that the trial court could not reasonably have found they were all overbroad. For example, Hale's request

---

2     "Requiring defendants to show they have reason to believe specific materials actually exist does not place an onerous burden on them. Defendants have access to the trial record and to the discovery materials the prosecution provided to the defense before trial. Defendants may obtain those materials either from trial counsel or through file reconstruction. As the Attorney General notes, a person could use these resources 'to make the necessary showing. For example, if a witness testifies about a particular report that the petitioner does not possess, the petitioner would have sufficient evidence to justify a request for that report under section 1054.9. It would also be appropriate for a petitioner to seek access to a report he or she does not possess that is cross-referenced in a police report possessed by the petitioner. Similarly, if evidence in the record indicates that a particular witness was interviewed three times and the petitioner has reports documenting only two interviews, that petitioner could make the necessary showing, based on the record, that a third report likely exists.' " (*Barnett*, *supra*, 50 Cal.4th at p. 900.)

number "7." identified by the district attorney sought " 'copies of any and all discovery that defense counsel Michael Vollandt was provided, by prosecutor Kerry Wells and/or the San Diego District Attorneys Office [*sic*].' " This request simply seeks file reconstruction, and we can perceive no basis in the current record to refuse such discovery altogether. (See *Barnett*, *supra*, 50 Cal.4th at p. 898; *Steele*, *supra*, 32 Cal.4th at p. 695.) The district attorney does not address this request, except to claim that "Hale's petition does not seek discovery for file reconstruction and does not request file reconstruction."

Some of Hale's other requests appear, at first glance, to be reasonably specific as well, including his requests for statements and reports of statements of prosecution witnesses. A defendant is generally entitled to such materials at the time of trial. (See § 1054.1, subd. (f); see also *Thompson v. Superior Court* (1997) 53 Cal.App.4th 480, 488 ["[O]ur holding likewise requires the compelled disclosure to the defense of raw written notes of police and prosecutors' witness interviews."].) As one court noted, "petitioner's requests for police reports, the 'Murder book,' information about suspects questioned, and all witness statements are specific, and they are sufficiently tailored to the facts of the case that petitioner has met his threshold burden of demonstrating a reasonable belief that the documents exist." (*Davis*, *supra*, 1 Cal.App.5th at p. 887.)

We need not, however, address Hale's individual requests in the first instance. We have explained why the trial court's blanket denial of Hale's petition, and the threshold requirements the district attorney has sought to impose, are unjustified. The trial court should now proceed to determine, for each request, whether Hale seeks discoverable materials (§ 1054.9, subd. (c); *Steele*, *supra*, 32 Cal.4th at p. 697) and whether, for those requests that go

14

beyond file reconstruction, there is a reasonable basis to believe such materials exist (*Barnett*, *supra*, 50 Cal.4th at pp. 899-900).  As the Supreme Court explained, in a similar context, "We believe the instant discovery dispute is best resolved by remanding the matter back to the trial court, where the parties can try to settle it informally consistent with the views expressed in this opinion.  If informal efforts fail, the trial court can issue a new order consistent with this opinion.  If necessary, either party may then challenge the new order by a writ proceeding in the Court of Appeal."  (*Barnett*, at p. 906.)  We likewise need not address whether and to what extent redactions or other protective measures are justified or available in this context.

DISPOSITION

The petition is granted in part as follows:  Let a peremptory writ of mandate issue directing the trial court to vacate its order denying Hale's habeas petition.  The court is directed to treat Hale's petition as a motion for postconviction discovery under section 1054.9, to the extent it has not already done so, and reconsider the motion (including each individual request

therein) in accordance with the views expressed in this opinion.  In all other respects, the petition is denied.

GUERRERO, J.

WE CONCUR:


HUFFMAN, Acting P. J.


IRION, J.