Filed 10/16/24  P. v. Lopez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081716 |
| v. | (Super.Ct.No. FSB702103) |
| JAIME LOPEZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Steve Malone, Judge.  Affirmed.

Britton Donaldson and Heather Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Kristen K. Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 2009, a jury found defendant and appellant Jaime Lopez guilty of two counts of misdemeanor battery (Pen. Code[1], § 242, counts 1 & 2) and three counts of committing a lewd act upon a child under the age of 14 (§ 288, subd. (a), counts 3-5). The jury also found true the allegation that he committed counts 3 through 5 against multiple victims in the same case. (§ 667.61, subds. (b), (c) & (e).) A trial court sentenced defendant to serve a total term of 45 years to life. In 2023, defendant filed a post-conviction motion for discovery, pursuant to section 1054.9, subdivision (a). The court denied the motion, finding no good cause.

Defendant filed a notice of appeal, challenging the court's order denying his motion for discovery. We affirm.

## FACTUAL BACKGROUND[2]

In 2001, a Wal-Mart employee notified the police that defendant had dropped off film to be developed. The film contained inappropriate photographs of naked girls in the shower, and photos of girls blindfolded, wearing lingerie. The police determined that defendant's stepdaughters, C.H. and N.E., were the girls in the photographs. An officer went to defendant's apartment, and both C.H. and N.E. (the victims) told him defendant had taken the pictures. The officer spoke with defendant a few days later. The officer

---

[1] All statutory references will be to the Penal Code unless otherwise indicated.

[2] This brief summary of the facts is based on the factual background stated in *People v. Lopez* (2010) 185 Cal.App.4th 1220 (*Lopez*), defendant's prior appeal.

asked defendant about the photos of the victims naked in the shower, and defendant said it was "horseplay." (*Lopez*, *supra*, 185 Cal.App.4th at p. 1225.) A Child Protective Services worker and the police officer subsequently interviewed the victims, and they denied ever being touched inappropriately. Defendant was not charged with any crime at that time. (*Id*. at p. 1226.) However, in 2007, N.E. told her school counselor that defendant had been molesting her. (*Ibid*.) Defendant was then arrested and charged. (*Id*. at p. 1227.)

At trial, both victims testified that defendant touched them inappropriately multiple times. They also testified that he took pictures of them in the shower and made them dress in their mother's lingerie. (*Lopez*, *supra*, 185 Cal.App.4th at pp. 1226-1227.)

PROCEDURAL BACKGROUND

On January 13, 2022, defendant filed a "Post-conviction Motion For Discovery Materials Pursuant to Penal Code section 1054.9(a)," in propria persona. As relevant here, the motion requested a court order requiring the prosecution to provide the following documents and items to be used in support of a forthcoming writ of habeas corpus petition:

(1) Audio/video recording taken by Detectives Anita Deutcher and Kelly Tolber of N.E. on June 6, 2007, at the Redlands Police Department. Defendant alleged he had reason to believe the interview was recorded because he noticed video recording equipment in the interview room when he was interviewed there. He believed the recording of N.E.'s interview "will contain impeaching statements."

3

(2) "Immunity/contingency agreements with [N.E.] and/or her adult boyfriend Matthew Capstick."  Defendant alleged the prosecutor elected not to file charges against Capstick for the statutory rape of N.E., and defendant found it "suspect" that Capstick would testify against him, when Capstick himself had committed statutory rape against N.E.  Defendant further stated he believed the agreements existed because N.E. admitted that he "did no wrong," and defendant "infer[red] that [N.E.] reverted back to the original untrue version of events due to prosecutorial threat, or implication, that the freedom of [her] boyfriend" was contingent upon her adhering "to her original spiel."  Defendant stated that "[s]uch agreements were not disclosed to the defense."

(3)  A "complete unredacted copy of pretext phonecall recording" and the related police report describing the event.  Defendant alleged the pretext phone call recording was not allowed at trial, but he became aware of the call from his trial counsel.  Defendant alleged he was aware of the specifics regarding the call and "knows that the police report has been redacted of impeaching statements contrary to trial testimony."  He alleged he lost his copy of the redacted police report and claimed the phone call recording was exculpatory.

(4)  Any and all search warrants obtained by the police to permit the entry and search of his home and garage.  Defendant alleged he "wished to argue" that the items collected (photographs, negatives, and a video recorder) were the result of an illegal search and seizure.  He claimed that "[p]roof of the nonexistence of search warrants will

4

support a forthcoming habeas demonstrating ineffective assistance of counsel and police misconduct."

The motion alleged that, pursuant to the requirements of section 1054.9, defendant "made numerous wasted attempts at acquiring [the] requested discovery items from trial counsel." He referred to several exhibits in support of this claim.

Exhibit 1 was a copy of a letter from the State Bar of California (the State Bar), dated February 24, 2011, indicating it had received his complaint filed against his trial counsel, James Gass. The State Bar stated it was closing his complaint, since there was insufficient evidence of any ethical violations on the part of his attorney.

Exhibit 2 was a letter from the State Bar from 2014 in response to defendant's request for Mr. Gass's most recent address.

Exhibit 3 was a letter from the State Bar from 2014, acknowledging that defendant filed another complaint against Mr. Gass which stated he requested the client file, but Mr. Gass had not released it to him. The State Bar informed defendant that it advised Mr. Gass to contact him to make arrangements to provide his client file.

Exhibit 4 was a letter from the State Bar from 2017, acknowledging that defendant filed a complaint against Mr. Gass and another attorney, Simi Bobbi Mann. The letter requested more specific information from defendant regarding the nature of his complaint.

Exhibit 5 was a letter from Mr. Gass to defendant from 2020 stating that he had provided his entire trial file to defendant. Mr. Gass noted that defendant had requested

5

the trial transcript, but he (Gass) did not have them and never did. Mr. Gass advised defendant that sometimes appellate counsel is willing to provide them; otherwise, defendant could pay the court reporter for a copy of the transcript.

Defendant also alleged he made "further attempts" with the superior court and pointed to Exhibit 6, which contained two letters. One was a letter from defendant requesting a copy of the reporter's transcript from a 2008 *Marsden* hearing, the 2021 "[r]ecant statement" with investigators and N.E., a copy of specific pages of the trial transcripts "concerning a pretext phone call," and a copy of the transcript of the pretext phone call. The superior court received defendant's letter on June 1, 2022. The other was a letter from the San Bernardino superior court, dated February 17, 2021, in reference to defendant's case, noting that reporting notes may be destroyed after 10 years, and the reporting notes from his case had been destroyed.

On June 6, 2023, the court issued a minute order stating it read and considered defendant's motion requesting the discovery. The court denied the request because it did not find good cause. It added that Mr. Gass wrote defendant a letter stating his entire file was turned over to defendant and that the transcripts were available for appellate counsel.

## DISCUSSION

### The Trial Court Properly Denied Defendant's Motion

Defendant argues the court erred in denying his section 1054.9 motion for discovery because the court assumed the four items requested were contained in the file given to him by his trial counsel. He points out that the court did not indicate the

requested items were actually in the file. Defendant then speculates that the items "could still be in the possession of either the prosecution or the law enforcement authorities" and contends the court should have granted him reasonable access to those items. We conclude the court properly denied defendant's motion.

At the outset, the People argue that defendant's claim is procedurally barred because it was not raised in a petition for writ of mandate. The People properly assert that a trial court's ruling on a section 1054.9 motion should be challenged by filing a petition for writ of mandate. (*In re Steele* (2004) 32 Cal.4th 682, 692 (*Steele*) ["after the trial court has ruled, either party may challenge that ruling by a petition for writ of mandate in the Court of Appeal"].) In his reply brief, defendant notes that he filed his motion in propria persona and would not have known the proper procedure or time to file a challenge to the denial of such motion. The People state that they do not oppose this court treating defendant's appeal as a "mislabeled petition for writ of mandate" and addressing the merits of defendant's claim. In the interest of judicial economy, we will treat defendant's purported appeal as a petition for writ of mandate and address defendant's claim.

A. *Section 1054.9*

Section 1054.9, subdivision (a) provides: "In a case in which a defendant is or has ever been convicted of a serious felony or a violent felony resulting in a sentence of 15 years or more, upon the prosecution of a postconviction writ of habeas corpus or a motion to vacate a judgment, or in preparation to file that writ or motion, and on a showing that

7

good faith efforts to obtain discovery materials from trial counsel were made and were unsuccessful, the court shall, except as provided in subdivision (b) or (d), order that the defendant be provided reasonable access to any of the materials described in subdivision (c)."

Subdivision (c) provides: "For purposes of this section, 'discovery materials' means materials in the possession of the prosecution and law enforcement authorities to which the same defendant would have been entitled at time of trial." Thus, section 1054.9 permits defendants preparing to file a habeas corpus petition to obtain "discovery to assist in stating a prima facie case for relief." (*Steele*, *supra*, 32 Cal.4th at p. 691.)

The Legislature's main purpose in enacting section 1054.9 "was to enable defendants efficiently to reconstruct defense attorneys' trial files that might have become lost or destroyed after trial." (*Barnett v. Superior Court* (2010) 50 Cal.4th 890, 897 (*Barnett*).) The Supreme Court has held that "[d]efendants should first seek to obtain their trial files from trial counsel. But if a defendant can show a legitimate reason for believing trial counsel's current files are incomplete (for example, if, as here, not all numbered discovery is available), the defendant should be able to work with the prosecution to obtain copies of any missing discovery materials it had provided to the defense before trial (assuming it still possesses them)." (*Id*. at p. 898; see *Steele*, *supra*, 32 Cal.4th at p. 692 [suggesting informal efforts to resolve discovery matters].) "If necessary, the trial court can order the prosecution to provide any materials it still possesses that it had provided at time of trial." (*Barnett*, at p. 898.)

8

Further, "section 1054.9 requires defendants who seek discovery beyond file reconstruction to show a reasonable basis to believe that other specific materials actually exist." (*Barnett*, *supra*, 50 Cal.4th at p. 899.) In other words, "[b]ecause section 1054.9 provides only for specific discovery and not the proverbial 'fishing expedition' for anything that might exist, defendants seeking discovery beyond recovering what the prosecution had provided to the defense before trial must show a reasonable basis to believe that specific requested materials actually exist." (*Id*. at p. 894.)

The Supreme Court has interpreted section 1054.9 to "require the trial court, on a proper showing of a good faith effort to obtain the materials from trial counsel, to order discovery of specific materials currently in the possession of the prosecution or law enforcement authorities involved in the investigation or prosecution of the case that the defendant can show either (1) the prosecution did provide at time of trial but have since become lost to the defendant; (2) the prosecution should have provided at time of trial because they came within the scope of a discovery order the trial court actually issued at that time, a statutory duty to provide discovery, or the constitutional duty to disclose exculpatory evidence; (3) the prosecution should have provided at time of trial because the defense specifically requested them at that time and was entitled to receive them; or (4) the prosecution had no obligation to provide at time of trial absent a specific defense request, but to which the defendant would have been entitled at time of trial had the defendant specifically requested them." (*Steele*, *supra*, 32 Cal.4th at p. 697.)

9

B.  *Defendant Failed to Show the Requested Items Actually Existed or That He Was Entitled to Them*

The court denied defendant's motion because it "[did] not find good cause."  We agree there was no good cause.  The evidence shows that defendant properly sought to obtain his trial counsel's files and that his counsel provided him with the entire case file.  Nonetheless, defendant filed the current motion, requesting the four specified items.  We observe that, although defendant asserted in his motion that he made "numerous wasted attempts at acquiring [the] requested discovery items from trial counsel," the exhibits he points to do not support this assertion.  The exhibits mostly consisted of letters from the State Bar demonstrating that he filed an ethical complaint against his trial counsel, Mr. Gass, in 2011, which was closed due to insufficient evidence; that he requested Mr. Gass's current address; that, in 2014, he filed a complaint against Mr. Gass for not releasing his client file; and that he filed a complaint against Mr. Gass and another attorney in 2017.  Another exhibit showed that Mr. Gass did provide his entire trial case file to defendant.  Other exhibits showed that defendant requested pages from the reporter's transcript from the superior court, but the reporting notes from his case had been destroyed since they were more than 10 years old.  None of these exhibits aided defendant's section 1054.9 motion, since they failed to show he made good faith efforts to obtain the specific discovery materials he was requesting from trial counsel.  (§ 1054.9, subd. (a).)

10

Moreover, while defendant undisputedly obtained his trial counsel's entire case file, he failed to "show a legitimate reason for believing trial counsel's current files [were] incomplete." (*Barnett*, *supra*, 50 Cal.4th at p. 898.) In other words, he did not show the file was missing discovery materials the prosecution had provided to the defense before trial. (See *Ibid.*) Therefore, in filing his discovery motion, it appears that defendant was "seeking discovery beyond recovering what the prosecution had provided to the defense." (*Id.* at p. 894.)

"[S]ection 1054.9 requires defendants who seek discovery beyond file reconstruction to show a reasonable basis to believe that other specific materials actually exist." (*Id.* at p. 899.) Defendant failed to do so. For example, in requesting "immunity/contingency agreements with [N.E.] and/or her adult boyfriend," defendant merely speculated that any such agreements exist. He alleged the prosecutor elected not to file charges against the boyfriend for the statutory rape of N.E., and he (defendant) found it "suspect" that the boyfriend testified against him. Defendant then alleged "[i]t [was] not farfetched . . . to infer that [N.E., after having allegedly said defendant did no wrong] reverted back to the original untrue version of events due to prosecutorial threat, or implication, that the freedom of [her] boyfriend" was based on her "adhering to her original spiel." Defendant's suspicions and inferences do not provide a reasonable basis to believe the requested immunity agreements exist.

Ultimately, defendant's motion failed to satisfy the statutory requirements of section 1054.9. (*People v. Superior Court* (*Morales*) (2017) 2 Cal.5th 523, 531

11

["discovery is available as a matter of right under Penal Code section 1054.9, provided the motion satisfies the statutory requirements"].) Defendant failed to show that the requested items were "materials in the possession of the prosecution and law enforcement authorities to which the same defendant would have been entitled at time of trial." (§ 1054.9, subd. (c).) Defendant did not show the requested items were: (1) provided by the prosecution at trial but have since been lost; (2) items the prosecution should have provided at the time of trial; (3) items the prosecution should have provided at the time of trial because the defense specifically requested them; or (4) items the prosecution had no obligation to provide at time of trial absent a specific defense request, but to which he would have been entitled to had he requested them. (*Steele*, *supra*, 32 Cal.4th at p. 697.)

In sum, trial counsel provided defendant with the entire case file, defendant did not show a reasonable basis to believe the requested materials were missing or actually existed, and defendant failed to meet the statutory requirements of section 1054.9. On this record, we conclude the court properly denied his motion.

## DISPOSITION

The trial court's order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
                 J.

We concur:

RAMIREZ
                P. J.

McKINSTER
                J.